No. 3974

Second Circuit

———

BUTLER v. BOLINGER ET AL.

———

(February 26, 1931. Opinion and Decree.)
(April 9, 1931. Rehearing Refused.)

———

Murff & Perkins, of Shreveport, attorneys for plaintiff, appellant.

Wallace & Hardeman, of Benton, attorneys for defendant, appellee.

DREW, J. John L. Butler, plaintiff herein, and his wife, Rebecca Ford Butler, married many years ago in Bossier parish, La., and while living together as man and wife, acquired 40 acres of land located in Bossier parish, La., which property is admitted to be community property. After the acquisition of this property, John L. Butler and his wife moved to the state of California, where they established their matrimonial domicile. John L. Butler instituted suit for divorce against his wife at their domicile in Los Angeles county, California, and on the 3d day of January, 1930, the following judgment was rendered therein:

"In the Superior Court of the State of California in and for the County of Los Angeles
"John L. Butler, Plaintiff, vs. Rebecca F. Butler, Defendant, No. D 72700 Dept. 46.
"Interlocutory Judgment of Divorce.
"This cause came on to be heard the

2d day of January, 1930, in Dept. 46, Charles De Le Fond appearing as attorney for plaintiff. The defendant, Rebecca A. Butler, was not present, but was represented by attorneys, John J. Craig and Harold R. Smith, and evidence having been introduced to Court now makes its findings of fact and decision as follows:

"The allegations contained in the first cause of the complaint are true and that a judgment dissolving the marriage between plaintiff and defendant ought to be granted.

"It is adjudged, that plaintiff is entitled to a divorce from defendant and when one year shall have expired after the entry of this interlocutory judgment, a final judgment dissolving the marriage between plaintiff and defendant be entered, and at that time the Court shall grant such other and further relief as may be necessary to a complete disposition of this action.

"It is further ordered that the custody and control of the two minor children of the parties shall be awarded to plaintiff.

"It is further ordered that the community property of the parties hereto consisting of the following described property, to-wit:

"(a) An equity of approximately $1,000.00 (One Thousand Dollars) in Lot 240 of Mettler Tract, recorded in Book 6, page 50 of Maps, Records of Los Angeles County.

"(b) An equity of $500.00 (Five Hundred) Dollars in Lots 11 and 12, Block 47 of the Pasadena Villa Tract, as per map recorded in Book 3, pages 5 to 8 of Maps.

"(c) Household furniture of the probable value of $700.00 (Seven Hundred) Dollars.

"It is awarded and decreed to the plaintiff.

"Done in open Court this 3d day of January, 1930.

"Douglas L. Edmonds, Judge.

Notice—Caution.

"This is not a judgment of divorce. The parties are still husband and wife, and will be such until a final judgment of divorce is entered after one year from the entry of this interlocutory judgment. The final judgment will not be entered unless requested by one of the parties.

"Filed Jan. 3, 1930.
"Typed by E. M. Spencer.
"Entered Jan. 4, 1930.
"L. B. Hamilton, County Clerk,
"By H. Christenson, Deputy."

After the granting of this decree, the wife, Rebecca Butler, came back to Bossier parish, La., and sold an undivided one-half interest in the above-mentioned forty acres of land to M. R. Bolinger, defendant in this suit, and to the deed there was attached a certified copy of the decree above recited, and both the deed and decree were recorded in the conveyance records of Bossier parish, La. Thereafter M. L. Bolinger filed suit against John L. Butler, praying for a partition of this property by licitation, and, after making substituted service on Butler, there being no defense made by the curator ad hoc appointed to represent him, judgment was rendered against Butler by default, ordering that the 40 acres of land be sold at public auction for the purpose of partition.

The property was advertised for sale when Butler learned of the matter, and he promptly filed suit to enjoin the sale of the property and to have the judgment in the partition suit set aside as null and void, and asked that the sale by his wife to Bolinger be canceled and erased from the records for the following reasons:

(1) That this land was community property, and, there never having been any dissolution of the community, his wife Rebecca Ford Butler, could not validly dispose of any interest in said land;

(2) That as Rebecca Ford Butler, wife of plaintiff, had not a right to dispose of this property, Bolinger acquired no title therein under his deed from Rebecca Butler, and therefore, having acquired no title, Bolinger had no right to a partition

suit or a judgment decreeing that the property be sold to partition it; and

(3) That the district court of Bossier parish had no jurisdiction of Butler, the plaintiff, and no seizure was ever made of the lands which could give the court jurisdiction.

Defendant Bolinger, in answer, admitted that the 40 acres of land was community property between John L. Butler and his wife, Rebecca Ford Butler, and further that Butler and his wife had moved to California many years ago, where John L. Butler lives at present, and where he has lived for many years past. Defendant set up as a defense to this suit that the community which formerly existed between Butler and his said wife was dissolved at the time of the sale from Rebecca Butler to Bolinger by virtue of the decree of the California court heretofore recited, and therefore the sale by the wife to Bolinger was good.

This is the sole defense made by the defendant, and the case must stand or fall on this issue. The case was tried in the lower court, a preliminary writ of injunction was granted, and, on the merits, judgment was rendered recalling the preliminary writ of injunction, rejecting the demands of plaintiff and ordering the sheriff of Bossier parish, La., to proceed with the sale of the property under the judgment in the partition suit. From this judgment plaintiff has appealed

Under the laws of California, the courts of that state have construed similar decrees very much as we do a separation a mensa et thoro. If, during the year after the decree is entered, the husband and wife become reconciled by cohabitation or otherwise, the California courts refuse to grant a final decree. Olson v. Sup. Ct.,

175 Cal. 250, 165 P. 706, 1 A. L. R. 1589; O'Connell v. Sup. Ct., 74 Cal. App. 350, 240 P. 294.

The decree rendered in this case does not even purport to dissolve the marriage but contemplates and provides for a final judgment to accomplish that result after the lapse of one year. One of the important purposes of the law postponing an absolute severance of the marriage bond, according to the case of Olson v. Sup. Ct., supra, is to give the spouses an opportunity to become reconciled; reconciliation being always favored by the law. See, also, Barron v. Barron, 7 Cal. Unrep. 345, 96 P. 273; Grannis v. Sup. Ct., 146 Cal. 245, 79 P. 891, 106 Am. St. Rep. 23.

The Supreme Court of this state, in Mack v. Handy, 39 La. Ann. 491, 2 So. 181, said the evident object of the separation of husband and wife from bed and board was to afford the offending party ample time and opportunity for reformation, and the party complaining to understand the situation and determine the propriety of making a reconciliation. The purpose of the law in Louisiana in rendering judgments of separation from bed and board and the law in California in rendering the decree as rendered between plaintiff, Butler, and his wife, is seen to be the same. The California decree did not dissolve the bonds of matrimony between Butler and his wife; neither does a judgment of separation from bed and board in Louisiana dissolve the bonds of matrimony. It seems certain, though, that the decree rendered by the California court was full authority for Butler and his wife to live separate and apart, as a judgment in Louisiana for separation from bed and board would be. If they did not live separate and apart, they could not secure a final divorce. Reconciliation would do

away with the decree of the California court. However, there is this difference: A judgment of separation a mensa et thoro in Louisiana dissolves the community of acquets and gains, and in California a decree as rendered in the Butler case does not necessarily dissolve the community. Brown v. Brown, 170 Cal. 1, 147 P. 1168; Est. of Dargie, 162 Cal. 51, 121 P. 320; De Godey v. Godey, 39 Cal. 162.

However, the community can be dissolved in California by consent of the husband and wife. Gould v. Sup. Ct., 47 Cal. App. 197, 191 P. 56, 57. In that case, the court said:

"The interlocutory decree constituted a contract between the parties, both because the provisions for division of the community property were by consent and because 'a judgment is a contract, in the highest sense of the term. Wallace v. Eldredge, 27 Cal. 498; Stuart v. Lander, 16 Cal. 372, 76 Am. Dec. 538; Bean v. Loryea, 81 Cal. 151, 22 P. 513; Dore v. Thornburgh, 90 Cal. 64, 27 P. 30, 25 Am. St. Rep. 100; Weaver v. San Francisco, 146 Cal. 728, 81 P. 119. The interlocutory decree, so far as it determined the rights of the parties, is a contract between them, temporary and provisional in its nature; but it settled the rights of the parties for the time being, 'and until some action, proceeding, or motion is begun to change the status, and some order is made thereon which has that effect, or until they become reconciled and resume marital relations, in which event their mutual obligations are, for the time being, at least, restored.' London Guaranty & Accident Co. v. Ind. Accident Commission, supra (181 Cal. 460, 184 P. 864); Olson v. Superior Court, 175 Cal. 250, 165 P. 706, 1 A. L. R. 1589."

The decree entered in the Butler case and the bone of contention in this case is even stronger than a judgment of separation from bed and board in Louisiana.

After such a decree is rendered in California, under the provisions of section 132 of the California Civil Code, the marital status is not affected further than that it establishes conclusively the right to divorce upon the expiration of the statutory period of one year, unless the decree is set aside on appeal or in some other manner expressly provided by statute. In re Seiler's Est., 164 Cal. 181, 128 Pa. 334; Ann. Cas. 1914B, 1093; Gould v. Sup. Ct.; 47 Cal. App. 197, 191 P. 56; Pereira v. Pereira, 156 Cal. 1, 103 P. 488, 23 L. R. A. (N. S.) 880, 134 Am. St. Rep. 107; Est. of Walker, 169 Cal. 400, 146 P. 868; London Guar. & Accident Co. v. Ind. Accident Com., 181 Cal. 460, 184 P. 864, or by reconciliation, which must be alleged and proved. In Louisiana, one year after separation from bed and board, it is incumbent upon the plaintiff to allege and prove that there has been no reconciliation; the same right to defendant after the lapse of two years.

Such a decree as rendered in the case of Butler and his wife in California is in effect the same as a separation from bed and board in Louisiana.

In Garnett v. Garnett, 114 Mass. 379, 19 Am. Rep. 369, the court, in construing a divorce nisi, which is similar to the decree rendered in California, said:

"A divorce nisi under the St. of 1870, c. 404, is substantially equivalent to a divorce from bed and board and does not dissolve the marriage"—citing Edgerly v. Edgerly, 112 Mass. 53; Graves v. Graves, 108 Mass. 314.

It would not ordinarily dissolve the community in California, and the question for our determination is, did it dissolve the community in so far as immovable property that is located in Louisiana?

Under the full faith and credit clause of the Constitution of the United States (Const. U. S. art. 4, sec. 1), judgments of other states must be given the same effect as are given them in the state where rendered, but only so far as the personal status of the parties is concerned. The decree of California authorized the living apart of John L. Butler and his wife, and we must give the judgment that effect, and it would be a bar to an action for separation from bed and board in this state, but the effect it has on immovable community property located in Louisiana will have to be governed by the laws of Louisiana. The California court had no jurisdiction over the Louisiana immovables. To hold otherwise would be to hold that it was an action in rem without jurisdiction over the res. Fall v. Eastin, 215 U. S. 1, 30 S. Ct. 3, 54 L. Ed. 65, 23 L. R. A. (N. S.) 924, 17 Ann. Cas. 853.

Real estate is governed by the law of its situs, and a decree of another state does not operate directly upon the property nor affect the title. Carpenter v. Strange, 141 U. S. 87, 11 S. Ct. 960, 35 L. Ed. 640; Hart v. Sansom, 110 U. S. 151, 3 S. Ct. 596, 28 L. Ed. 101; Massie v. Watts, 6 Cranch, 148, 3 L. Ed. 181.

The validity of a judgment of another state where it operates on property within that state will not be inquired into by the courts of this state, but its extraterritorial effect on rights to immovables in this state will not be tolerated. The effect of the California decree was to legally authorize Butler and his wife to live separate and apart, and such a decree in this state is to dissolve the community. After the dissolution, husband and wife are tenants in common or joint owners of the property located in Louisiana, and the wife has the legal right to sell her undivided one-half of the property, as was done in this case.

The decree in question awards all the community property located in California to the plaintiff, Butler (a right the court of California had), and, although the decisions of the California courts are to the effect that the proper time to make this award is on final judgment for divorce, still, under some circumstances heretofore enumerated, the court has that power at the time of rendering the first decree. The record and pleadings in the case in which the decree was rendered are not before us, and we are without right to question the correctness of the decree. Butler and his wife were both before the court, and may have asked for the division of the community to be made, a right they apparently have under the laws of California. Be that as it may, the decree is in evidence, and on its face shows that the community was dissolved by the decree of the court, and a judgment is a contract in the highest sense of the term.

To give full effect to the decree itself, as we are required to do, we would have to hold that the community has been dissolved without regard to the laws of our state, which dissolves the community whenever the husband and wife are authorized by the court to live separate and apart. To decide this question is to decide the case. The deed from Rebecca Ford Butler to M. R. Bolinger of her one-half interest in and to the S. W. ¼ of N. E. ¼ of section 18, township 22, range 13 west, Bossier parish, La., was a legal and valid transfer of her one-half interest therein; but the partition proceedings between M. R. Bolinger and John L. Butler were in accordance with the law.

The judgment of the lower court is correct; it is therefore ordered, adjudged, and decreed that the judgment appealed from be affirmed, with costs.