203 So.2d 379 (1967)
Clara Flournoy GAY, Plaintiff and Appellant,
v.
Andrew Hynes GAY, Defendant and Appellee.
No. 2120.
Court of Appeal of Louisiana, Third Circuit.
October 26, 1967.
*380 Robert Scott McIntosh, II, New Orleans, for plaintiff-appellant.
Gahagan & Gahagan, by Marvin F. Gahagan, Natchitoches, for defendant-appellee.
Before CULPEPPER, FRUGE and HOOD, JJ.
CULPEPPER, Judge.
This is a suit for divorce on the grounds of two years voluntary separation. The defendant husband filed an exception of res judicata on the grounds that these parties have already been divorced by judgment rendered in Florida in 1947. From a judgment sustaining the exception of res judicata and dismissing her suit, plaintiff has appealed.[1]
In her petition plaintiff alleges that she and the defendant were married in Louisiana in 1940; that they later established their matrimonial domicile in Natchitoches, Louisiana where they lived together until about June 1, 1947, at which time they separated; that plaintiff has lived continuously in Louisiana ever since; that the defendant has no residence in Louisiana and his last known address in Billings, Montana.
The attorney at law, appointed curator ad hoc to represent the absent defendant, filed a peremptory exception of res judicata. He attached a copy of judgment of divorce rendered on June 20, 1947 in the Circuit Court for Leon County, Florida in a proceedings entitled "Andrew H. Gay v. Clara Flournoy Gay". This judgment states that the defendant was duly served and appeared and answered through her own counsel; and that she entered into a property settlement which is set forth in detail in the judgment and approved by the court.
Also attached to the exception of res judicata is a copy of an agreement signed by Mrs. Clara Flournoy Gay Girard of date, August 27, 1957, stating that in consideration of the sum of $1,000 she releases Mr. Gay from all claims for alimony due under the judgment rendered in the Florida court in 1947; that she dismisses a suit which she filed in Natchitoches Parish in 1956 contesting the validity of the Florida divorce proceedings; that she now recognizes the Florida divorce as legal; and that she had remarried one Allen R. Girard but was seeking a "divorce" from him.
At the hearing on the exception of res judicata plaintiff's counsel stated that he wished to introduce evidence to show that the Florida judgment of divorce is void for lack of jurisdiction in the Florida court.[2]
He said he could prove that neither of the parties were ever domiciled in Florida and that they went to Florida solely to obtain this divorce; that the property settlement was breached by Mr. Gay; that the agreement whereby she dismissed her previous suit in Natchitoches Parish in 1957 was obtained from her through threats, trickery and coercion; and that although she had subsequently married Mr. Girard, that marriage was never consummated and could be annulled.
Counsel for the defendant objected to the introduction of any evidence by plaintiff on the grounds that the courts of Louisiana cannot entertain a collateral attack on a judgment of divorce rendered in Florida; and that plaintiff's only recourse is a direct action in the Florida court attacking the *381 divorce decree rendered there. The district judge sustained defendant's objection to the introduction of evidence and requested that briefs be filed on the legal question of whether the collateral attack could be maintained in Louisiana. After taking the matter under advisement, the court rendered judgment sustaining the exception of res judicata and dismissing plaintiff's suit, without ever allowing plaintiff to offer any evidence.
There is little question that the basis for the lower court's decision is the case of Boudreaux v. Welch, 249 La. 983, 192 So.2d 356 (1966). That was a wrongful death action in which plaintiff claimed to be the surviving widow of Carroll J. Boudreaux. The defendant contended that plaintiff was formerly married to Owen J. Mire and that her divorce from Mire in Mississippi in 1950 was void for lack of jurisdiction; hence that her subsequent marriage to Mr. Boudreaux was invalid. The facts showed that neither the plaintiff nor her first husband, Mr. Mire, were ever domiciled in Mississippi. However, plaintiff filed the suit in Mississippi and Mire executed a waiver of service and entry of appearance, in conformance with the statutes of Mississippi. Our Supreme Court found the case controlled by Johnson v. Muelberger, 340 U.S. 581, 71 S.Ct. 474, 95 L.Ed. 552 (1951) and quoted therefrom as follows:
"`When a divorce cannot be attacked for lack of jurisdiction by parties actually before the court or strangers in the rendering state, it cannot be attacked by them anywhere in the Union. The Full Faith and Credit Clause forbids.'"
Applying this quoted rule to Boudreaux v. Welch, supra, our Supreme Court stated:
"This is exactly the case here. Mr. Mire, plaintiff's first husband, filed in the record in the Mississippi divorce proceedings a waiver of summons and entry of appearance. Issue was thus joined and this was sufficient to foreclose the jurisdictional question as res judicata. The filing of the waiver of summons and entry of appearance pursuant to Chapter 244, Mississippi Laws of 1936, after the institution of the divorce proceeding rendered the judgment unassailable as to Mire. In other words, by his entry of appearance he had an opportunity to litigate the jurisdictional question and this is all that is necessary in order for the Full Faith and Credit Clause to apply.
"(3) It was not obligatory, as the Court of Appeal believed, for Mire to have resisted the granting of the divorce. Indeed, Johnson v. Muelberger does not indicate that active participation by the defendant is necessary. On the contrary the basic element which bars collateral attack here is that the rendering State will not permit such an attack and considers the matter res judicata."
Applying the holding in the Boudreaux case to the present matter, Mrs. Gay cannot collaterally attack in Louisiana the Florida divorce decree unless she can show that she could attack that decree in Florida. In the present state of the record, we cannot determine whether Mrs. Gay could attack the judgment in Florida. No evidence was introduced to prove the statutes or the jurisprudence of Florida.[3] Hence, we cannot say whether the Florida court ever obtained jurisdiction of the divorce proceedings; we cannot determine the effect of Mrs. Gay's appearance therein through her own counsel; nor the effect of the property settlement; nor of the subsequent agreement in 1957 in which she stated she acknowledged the legality of the Florida decree.
*382 Although counsel for plaintiff was perhaps vague in describing to the court, at the hearing on the exception of res judicata, exactly what evidence and documents he desired to introduce into the record, we think he should at least have been allowed to offer his evidence; and the court should have allowed any that was admissible and material to the issue of whether Mrs. Gay could attack this decree in Florida. For, it is our understanding of Boudreaux v. Welch, supra, that a collateral attack in the courts of Louisiana on a judgment of divorce rendered in another state is not absolutely forbidden. A collateral attack may be entertained here if the rendering state would permit such an attack. This is an issue on which the lower court should have allowed evidence.
Since the plaintiff in the present case was not given an opportunity to prove that she could attack this Florida decree in the Florida courts, the present matter must be remanded to the district court to allow her an opportunity to introduce such proof.
Defendant also contends that Mrs. Gay is estopped to collaterally attack in Louisiana the Florida decree because: (1) she remarried Allen R. Girard; (2) she has acquiesced in the Florida divorce for approximately 19 years; and (3) she signed the agreement in 1957 recognizing the validity of the Florida divorce in consideration of the receipt of $1,000 cash. Defendant cites Rouse v. Rouse, 219 La. 1065, 55 So.2d 246 (1951)[4] in which a woman sought to collaterally attack in Louisiana a Mississippi divorce on the basis of lack of jurisdiction. The facts showed that the woman had acquiesced in the Mississippi decree by remarrying and remaining silent for 14 years during which time various property rights were affected. The court held:
"The principle upon which cases of this character should be decided is that no one can accept the benefits of a judgment and then be heard to assert its nullity and validity. Paraphrasing some of the language quoted from the case just cited, we may well assume that plaintiff's right to attack the judgment of divorce rendered in Mississippi once existed, but having acquiesced in it by remarrying, that being the only authority under which she could have done so, she has lost her right and her demand must now be refused."
There may be a procedural question as to whether estoppel and/or acquiescence is properly before this court. LSA-C.C.P. Article 1005 provides that these are affirmative defenses which must be pleaded in the answer and proved at the trial. No answer was filed in the present case and the only exception filed was that of res judicata. However, even assuming that the exception of res judicata should be treated as including a pleading of these affirmative defenses, it is clear that they were the subject of proof. The plaintiff was not afforded an opportunity at the hearing to introduce evidence, which she contends was in her possession, to negate the alleged estoppel and/or acquiescence. For instance, as stated above, counsel for Mrs. Gay stated he had evidence that her marriage to Allen Girard in 1956 was never consummated and could be annulled; and that the agreement signed in 1957, acquiescing in the Florida divorce, was obtained by threats, tricks and coercion. Certainly counsel should have been allowed to offer his evidence and at least have the court rule on its admissibility.
Hence, we conclude that this case cannot be disposed of under Rouse v. Rouse, supra, and its progeny, because estoppel and/or acquiescence are affirmative defenses which must be pleaded and proved. Even if *383 properly pleaded, the plaintiff was denied an opportunity to introduce evidence which she contends was in her possession to negate these affirmative defenses. She must be given this opportunity.
For the reasons assigned, the judgment appealed is reversed and set aside. It is now ordered, adjudged and decreed that the exception of res judicata filed by the defendant be overruled. This case is remanded to the district court for further proceedings in accordance with law and the views expressed herein. All costs of this appeal are assessed against the defendant appellee. The costs of the lower court will await a final determination therein.
Reversed and remanded.
NOTES
[1] This case was previously before us on an appeal which was dismissed because the record failed to contain a signed judgment. Gay v. Gay, La.App., 193 So.2d 537.
[2] Evidence is admissible on the peremptory exception of res judicata. LSA-C.C.P. Articles 927 and 931.
[3] These are matters of which we cannot take judicial cognizance. Clair v. Gaudet, La.App., 144 So.2d 638; Delta Equipment & Construction Co. v. Cook, 142 So.2d 427.
[4] The Rouse case is criticized to some extent in 13 La.Law Review 233 and 13 La. Law Review 254; Eaton v. Eaton, 227 La. 992, 81 So.2d 371 (1955) quotes from the Rouse case, but distinguishes it on the facts; Turpin v. Turpin, La.App., 186 So.2d 650 (2d Cir. 1966, writ of certiorari refused) follows Rouse; Clark v. Clark, La.App., 192 So.2d 594 (3rd Cir. 1966) distinguishes Rouse on the facts.