230 So.2d 436 (1969)
Ellen H. DIDIER, Plaintiff-Appellant,
v.
Homer W. DIDIER, Defendant-Appellee.
No. 7836.
Court of Appeal of Louisiana, First Circuit.
December 22, 1969.
Rehearing Denied February 2, 1970.
Writ Refused April 3, 1970.
Sylvia Roberts, Baton Rouge, for plaintiff-appellant.
James A. George, Baton Rouge, for defendant-appellee.
Before LANDRY, SARTAIN and ELLIS, JJ.
*437 SARTAIN, Judge.
Mrs. Ellen H. Didier (appellant) instituted suit in The Family Court for the Parish of East Baton Rouge, Louisiana, seeking a divorce from her husband (appellee) on the grounds of having lived separate and apart for a period in excess of two years. Appellee filed a peremptory exception of res judicata on the grounds that he had obtained a divorce from appellant in Arkansas on August 10, 1965. The trial judge sustained the exception and dismissed appellant's suit from which judgment she now appeals.
There are actually two issues before us: The first issue is whether or not the divorce obtained by appellee in Arkansas is valid and entitled to full faith and credit in Louisiana. The second issue arises from the fact that appellant's original petition set forth an alternative demand that in the event the Arkansas decree is recognized then that portion of the decree awarding her alimony of $100 per month should be made "executory" including the fixing of accumulated arrearages from March, 1968 to date.
We are of the opinion that the decision of the trial judge recognizing the Arkansas divorce and sustaining the peremptory exception of res judicata is correct and should be affirmed. However, appellant's suit should not have been dismissed in its entirety, thus depriving her of her right to have the alimony portion of the decree enforced in Louisiana. On this latter point, counsel for appellee readily concedes that the matter should be remanded for this purpose.
The recognition of divorce decrees of one state by another state is governed by many considerations. As a basic proposition the authority of a court to exercise jurisdiction in an action for divorce is dependent upon the domicile of one or both of the parties. It is not unusual for one state to refuse to give full faith and credit to a decree of another state, when the record is amply clear that the party obtaining the divorce was never in fact domiciled in the court granting the divorce. Our courts have on numerous occasions expressed the view that it had the right to inquire into the circumstances which purportedly satisfied the domiciliary requirements of a court of a sister state. See Eaton v. Eaton, 227 La. 992, 81 So.2d 371 (1955) and cases cited therein.
In the recent case of Boudreaux v. Welch, 249 La. 983, 192 So.2d 356 (1966) we find what has been termed by some as a change in the law. In Welch Mr. Justice McCaleb, as author of the opinion, set forth an exhaustive review of the cases dealing with the recognition by courts of one state of a judgment of divorce rendered in a sister state. The facts in the cited case were not in dispute. Plaintiff instituted a tort action as the alleged surviving widow of Calvin J. Boudreaux. Defendants countered with the proposition that Mrs. Boudreaux was not the lawful wife of Mr. Boudreaux for the reason she was never legally divorced from her first husband, Owen J. Mire. The basis for this allegation is that Mrs. Boudreaux (then Mrs. Mire) never resided in Mississippi and that Mr. Mire though signing a waiver of process and service which he further acknowledged as an appearance, clearly evidenced that the Mississippi court lacked jurisdiction over both parties and the divorce decree is void ab initio and not entitled to full faith and credit. The respective positions and the authorities relied upon by each litigant are set forth in the opinion as follows: (192 So.2d 356, 357)
"Defendants contend they are entitled to collaterally attack the Mississippi divorce decree on jurisdictional grounds under our holdings in Navarette v. Laughlin, 209 La. 417, 24 So.2d 672 (1946) and Eaton v. Eaton, 227 La. 992, 81 So.2d 371 (1955) inasmuch as plaintiff, in her deposition taken on the motion for summary judgment, admitted that she was *438 never a resident of Mississippi but had gone there for a few days only to testify in the divorce proceedings. Defense counsel further argue that, under the rulings of the Supreme Court of the United States in the two cases of Williams v. State of North Carolina, 317 U. S. 287, 63 S.Ct. 207, 87 L.Ed. 279, 143 A. L.R. 1273 (1942) and 325 U.S. 226, 65 S.Ct. 1092, 89 L.Ed. 1577, 157 A.L.R. 1366 (1945) the issue of jurisdiction of the court that rendered the decree can always be the subject of judicial inquiry by the court of another jurisdiction and, when, as here, it has been established that Mississippi lacked jurisdiction over the subject matter because of non-residence of both parties, the decree of divorce is void ab initio and not entitled to Full Faith and Credit.
Plaintiff, on the other hand, declares that the judicial pronouncements cited in support of Navarette v. Laughlin have been markedly altered by later jurisprudence and that the instant case is distinguishable from Eaton v. Eaton. She asserts that the situation here is identical in principle with Johnson v. Muelberger, 340 U.S. 581, 71 S.Ct. 474, 95 L.Ed. 552 (1951) and, therefore, the Mississippi decree is not subject to collateral attack. Plaintiff's position is that the divorce decree, being valid under Mississippi law and invulnerable to collateral attack in that State by reason of the personal appearance of Mire in accordance with the laws of Mississippi, is entitled to the complete protection of the Full Faith and Credit Clause under the rulings (in addition to Johnson v. Muelberger) in Sherrer v. Sherrer, 334 U.S. 343, 68 S.Ct. 1087, 92 L.Ed. 1429, 1 A.L.R.2d 1355 (1948); Coe v. Coe, 334 U.S. 378, 68 S.Ct. 1094, 92 L.Ed. 1451, 1 A.L.R.2d 1376 (1948) and Cook v. Cook, 342 U.S. 126, 72 S.Ct. 157, 96 L.Ed. 146 (1951)."
Mr. Justice Summers dissented and emphasized that the power of courts to grant decrees of divorce is founded upon domicile and in the cases relied upon by the majority were not apposite because in each case the question of domicile had been "`squarely litigated in a truly adversary proceeding' in the state rendering the decree".
Following Welch and in Gay v. Gay, 203 So.2d 379 (3d La.App., 1967), our brethren of the Third Circuit expressed the opinion that our Supreme Court in Boudreaux v. Welch felt bound by the language of the United States Supreme Court in Johnson v. Muelberger, supra, and quoted therefrom as follows: (203 So.2d 379, 381)
"`"When a divorce cannot be attacked for lack of jurisdiction by parties actually before the court or strangers in the rendering state, it cannot be attacked by them anywhere in the Union. The Full Faith and Credit Clause forbids."'"
Accordingly, in Gay it was determined that Mrs. Gay was not given an opportunity in the trial court in Louisiana to show that she could successfully attack a Florida decree which the Louisiana district judge recognized in sustaining Mr. Gay's exception of res judicata.
In Reeves v. Reeves, 209 So.2d 554 (2d La.App., 1968, writs refused, 1968), the question of the validity of an Arkansas divorce decree was considered. The opinion reflects that neither of the parties resided in Arkansas. Mr. Reeves took Mrs. Reeves to Magnolia, Arkansas for the avowed purpose of obtaining a divorce. He employed an attorney and for personal reasons Mrs. Reeves appeared as plaintiff in the suit. Mr. Reeves filed a document entitled "Entrance of Appearance and Waiver". The district judge in the wife's subsequent suit in Caddo Parish for a divorce sustained her husband's plea of res judicata on the grounds of the previously obtained Arkansas divorce. The court concluded that the Arkansas divorce proceedings appeared valid and quoted as follows from Welch: (209 So.2d 554, 556)
*439 "`This is exactly the case here. Mr. Mire, plaintiff's first husband, filed in the record in the Mississippi divorce proceedings a waiver of summons and entry of appearance. Issue was thus joined and this was sufficient to foreclose the jurisdictional question as res judicata. The filing of the waiver of summons and entry of appearance pursuant to Chapter 244, Mississippi Laws of 1936, after the institution of the divorce proceeding rendered the judgment unassailable as to Mire. In other words, by his entry of appearance he had an opportunity to litigate the jurisdictional question and this is all that is necessary in order for the Full Faith and Credit Clause to apply. (Emphasis added.)
"It was not obligatory, as the Court of Appeal believed, for Mire to have resisted the granting of the divorce. Indeed, Johnson v. Muelberger does not indicate that active participation by the defendant is necessary. On the contrary the basic element which bars collateral attack here is that the rendering State will not permit such an attack and considers the matter res judicata." (Emphasis theirs)
Mr. Justice Summers dissented from the refusal to grant writs for reasons stated in his dissent in Welch.
Now as to the issue at hand, we construe Boudreaux v. Welch, supra, to stand for the proposition that where there is a waiver of summons, an appearance, and the joining of issue the jurisdictional question is foreclosed as res judicata. Further, that a Louisiana court must give full faith and credit to a judgment of a sister state where that decree is unassailable in the courts of the rendering state. In substance, if the decree cannot be attacked collaterally in the initial court it cannot be attacked in the court of this state.
The burden of proving that the original judgment of divorce may be collaterally attacked rests, of course, with the person seeking to deny it full faith and credit. In the instant matter, the record reflects that Mr. Didier filed suit for divorce in Chancery Court for Union County, Arkansas, on October 28, 1964. Mrs. Didier filed her answer on November 24, 1964. On February 2, 1965, she filed a petition to have Mr. Didier deposit an additional $350.00 to cover the cost of her attorney and travel expenses from Baton Rouge to El Dorado, Arkansas. On April 22, 1965 counsel for both parties filed an agreement to take the deposition of Mr. Woodrow W. Roberts in Baton Rouge, Louisiana. The case was tried on April 26, 1965 and Mrs. Didier was present with counsel. The matter was then taken under advisement by the court with briefs to be submitted by both parties. The decree was entered on August 10, 1965 granting unto Mr. Didier a divorce on the grounds of "Personal Indignities". The judgment further provided that Mrs. Didier be awarded the custody of the minor child, $100 per month for its maintenance and support, $100 per month as alimony for herself, and the additional sum of $100 to be paid her attorney. There was also filed in this record a copy of a memorandum brief filed by appellant's attorney in the Arkansas proceedings contesting that court's jurisdiction in the matter on the grounds that Mr. Didier was not a bona fide resident of Arkansas. The exception to the jurisdiction was undoubtedly overruled because judgment was granted in favor of Mr. Didier.
Appellant now urges that "despite a total absence of proof" appellee was granted a judgment of divorce. She further contends that because of her impecunious condition at the time of the Arkansas trial she was unable to afford counsel of her own choice nor was she in a position to appeal the judgment rendered against her. She urges that she should now be permitted to show these circumstances and that it is the duty of the court a quo to ascertain whether or not Mr. Didier met the residence requirements of Arkansas. Assuming *440 arguendo the points raised by appellant, namely: that throughout the Arkansas proceedings appellee was employed by the State of Louisiana, maintained his domicile in Louisiana and only went to Arkansas for several weekends, we are confronted with certain indisputable facts which show beyond any doubt that the proceedings conducted in Arkansas were truly adversary in nature.
Under the above enumerated facts we are of the opinion that appellant by her participation in the Arkansas proceedings availed herself of the opportunity to contest the jurisdiction of that court. Rightly or wrongly, that court decided that it did have jurisdiction, i. e., that appellee fulfilled the residency requirements. Appellant does not allege any facts which would show that she would be entitled to attack the Arkansas judgment in the Arkansas court. Accordingly, Louisiana is bound to give full faith and credit to the Arkansas decree.
As stated above this matter must be remanded to the trial court for the purpose of having the Arkansas decree recognized and to accord to appellant alimony rights granted to her in the decree, including her right to insist on its performance in this state together with the opportunity to have accumulated arrearages fixed and as fixed made executory.
Accordingly, for the above and foregoing reasons the judgment of the district court insofar as it recognized the Arkansas divorce is affirmed. However, the judgment of the trial court insofar as the same dismissed appellant's alternative plea is reversed and set aside, and this matter is remanded to the trial court for further proceedings not inconsistent with the views expressed herein. The cost of this appeal is assessed against appellee with all other costs to await a final determination on the merits.
Affirmed in part, reversed in part and remanded.