339 So.2d 453 (1976)
Virgie SWAIN
v.
James L. SWAIN.
No. 10893.
Court of Appeal of Louisiana, First Circuit.
September 20, 1976.
Rehearing Denied November 15, 1976.
*454 Garland R. Rolling, Metairie, for plaintiff and appellant.
John F. Pugh, Pugh, Lanier & Pugh, Thibodaux, for defendant and appellee.
Before LANDRY, BLANCHE and LOTTINGER, JJ.
BLANCHE, Judge.
The petition of appellant, Virgie Swain, alleges the following facts pertinent to a resolution of the issues herein:
(1) That she is a resident of the Parish of Lafourche.
(2) That the defendant, her former husband, is a resident of the State of Mississippi.
*455 (3) That they were divorced by a judgment of the Circuit Court in and for Santa Rosa County, State of Florida.
(4) That the judgment contained provisions which divided the community of acquets and gains existing between them and fixed "rehabilitative alimony" in the sum of $900.
(5) That the property divided by the judgment was located in the Parish of Lafourche, State of Louisiana.
(6) That the division of the property was lesionary and thus in violation of the laws of the State of Louisiana governing the division of community property.
The prayer of the petition seeks a judgment declaring the Florida judgment a nullity insofar as it affects property situated in the State of Louisiana, a judgment declaring the division of assets of the marital community of the parties null and void due to lesion, and a judgment repartitioning the community assets and for alimony.
The judgment of the Florida court is not a part of the record, nor is there any allegation or evidence to show that it has been accorded full faith and credit in the State of Louisiana.
While the Florida judgment is not before the court, it is obvious from the petition that the judgment imposed a personal obligation upon the plaintiff to transfer certain immovable property located in Louisiana to the defendant and, in return, the defendant was ordered to transfer to the plaintiff his interest in the remaining immovable property situated in this state.
Based upon the record before us, neither party appealed the Florida judgment, and each fulfilled his respective obligation thereunder.
To plaintiff's petition, the defendant filed exceptions of sufficiency of citation and lack of jurisdiction over both the person of the defendant and the subject matter. The trial court, without written reasons, sustained the exceptions, dismissing plaintiff's suit, and plaintiff has appealed.
The jurisdiction of a Louisiana court is necessarily limited by its power and authority to legally grant the relief sought by the parties. LSA-C.C.P. Art. 1: Ponthieux v. Lindsay, 216 So.2d 407 (La.App. 3rd Cir. 1968), affirmed, 254 La. 647, 226 So.2d 482 (1969). See, also, Patrick v. Patrick, 227 So.2d 162 (La.App. 2nd Cir. 1969), writ refused, 255 La. 238, 230 So.2d 91 (1970). Jurisdiction is not a discretionary matter. If in law and in fact jurisdiction is lacking, the case must be dismissed on that ground rather than to be considered on its merits. See Thomas v. Travelers Insurance Company, 258 F.Supp. 873 (E.D.La.1966).
In this case the plaintiff sought relief which the trial court was powerless to grant and her petition was properly dismissed.
The object of the plaintiff's suit was to annul portions of an obviously valid and final Florida judgment. However, it is axiomatic that a Louisiana court is powerless to annul the judgment of a sister state.
A Louisiana court is also powerless to deny a Florida judgment the full faith and credit which is accorded to it by Article 4, Section 1, of the United States Constitution unless the Florida court lacked jurisdiction over the parties or the subject matter involved in the controversy. Milliken v. Meyer, 311 U.S. 457, 61 S.Ct. 339, 85 L.Ed. 278 (1941); Crichton v. Succession of Crichton, 232 So.2d 109 (La.App. 2nd Cir. 1970), writs refused, 256 La. 274, 236 So.2d 39 (1970), U.S. certiorari denied, 400 U.S. 919, 91 S.Ct. 172, 27 L.Ed.2d 159, U.S. rehearing denied, 400 U.S. 1002, 91 S.Ct. 449, 27 L.Ed.2d 453 (1971).
On the facts of the record before us, the Florida court obviously had jurisdiction over both the parties and the subject matter, that is, the marriage that existed between the plaintiff and the defendant and the legal effects that flowed therefrom. In this connection we further note that plaintiff does not attempt to invalidate the divorce which was adjudicated by the Florida judgment. The Florida court was, therefore, competent to impose personal obligations upon the parties with respect to the dissolution of the marriage and a partition *456 of the marital property. The parties have not contended otherwise, and, in fact, voluntarily performed their respective obligations under the judgment.
In view of the foregoing, the application of the full faith and credit clause to the instant case renders the courts of Louisiana powerless to deny the validity and effect of the Florida judgment.
Plaintiff contends that Louisiana has subject matter jurisdiction over the instant cause because the property located in Louisiana must be divided in accordance with Louisiana law, citing LSA-C.C. Art. 2400 which provides:
"All property acquired in this State by nonresident married persons, whether the title thereto be in the name of either the husband or wife, or in their joint names, shall be subject to the same provisions of law which regulate the community of acquets and gains between citizens of this State."
In addition, plaintiff cites LSA-C.C. Art. 2406, which, in pertinent part, provides:
"The effects which compose the partnership or community of gains, are divided into two equal portions between the husband and the wife * * * at the dissolution of the marriage * * *."
Unquestionably, Louisiana has the right to establish a conflicts of law rule which provides that property acquired in Louisiana by non-resident married persons shall be subject to Louisiana law and, accordingly, divided equally between the partners on the dissolution of the marriage, Crichton, v. Succession of Crichton, supra. Presumably, the Florida court applied Louisiana law when it partitioned the property; and if it did not, it seems to us that the plaintiff should have complained to the Florida court before its judgment became final. Now plaintiff, not being satisfied with that judgment wants to try her luck in our courts with the hope that on her second time around another partition will be more favorable.
The courts of Louisiana are powerless to inquire into the merits of the cause of action or the validity of the legal principles on which the Florida court based its decision. U.S. Constitution, Article 4, Section 1; Milliken, supra.
Plaintiff also petitioned for alimony pursuant to the Florida judgment. Without going into the merits of her case, we note that on the face of the record the Florida judgment has not been made executory in Louisiana, LSA-C.C.P. Article 2541. Accordingly, the trial court was powerless to render a judgment with respect thereto.
For the above and foregoing reasons, the judgment of the trial court is affirmed, at appellant's costs.
AFFIRMED.