389 So.2d 767 (1980)
Jean Starkey, formerly SANDIFER, Plaintiff-Appellant,
v.
Hansford L. SANDIFER, Defendant-Appellee.
No. 7822.
Court of Appeal of Louisiana, Third Circuit.
October 8, 1980.
*768 Guerriero & Anzalone, Rick C. Anzalone, Monroe, for plaintiff-appellant.
Kathy J. Johnson, Jena, for defendant-appellee.
Before GUIDRY, SWIFT and DOUCET, JJ.
GUIDRY, Judge.
This lawsuit involves a Texas divorce decree obtained by the plaintiff, Jean Starkey (formerly Sandifer) against the defendant, Hansford Sandifer, and more particularly the provisions of that decree which relate to the disposition of certain immovable property located in Louisiana.
Plaintiff, Jean Starkey, sued the defendant for divorce in the State of Texas and obtained a judgment of divorce from the 260th Judicial District Court of Orange County, Texas, on February 19, 1979. Although properly cited and served, the defendant did not appear nor was he represented by counsel at the hearing. The Texas court, after an examination of the pleadings, the evidence, and after hearing the argument of plaintiff's counsel, determined that it had jurisdiction over the parties and the subject matter of the cause. The court ruled that the material allegations in the plaintiff's pleadings were true and rendered a judgment of divorce including provisions for the distribution of the community property of the parties in the manner prayed for by plaintiff.
The Texas decree provided that the estate of the parties be divided in the following manner:
"Petitioner is awarded the following as Petitioner's sole and separate property, and Respondent is hereby divested of all right, title, and interest in and to such property: All of the community property of the parties which is presently in her possession and all of her separate property in her possession.
Respondent is awarded the following as Respondent's sole and separate property, and Petitioner is hereby divested of all right, title and interest in and to such property: All of the community property of the parties which is presently in his possession and all of his separate property which is currently in his possession."
It is not disputed that at the time of divorce defendant was in physical possession of the Louisiana property. After the remarriage of the plaintiff and approximately seven months after the Texas court rendered its decree, plaintiff filed a petition in the 28th Judicial District Court of La-Salle Parish praying for a judgment modifying the Texas decree to provide that the plaintiff is co-owner in indivision with the defendant of certain immovable property located in LaSalle Parish. Further, plaintiff prayed that the Texas judgment of divorce, once modified, be recognized by the Louisiana court.
In response to the plaintiff's petition, the defendant filed an answer together with peremptory exceptions of no cause or no *769 right of action and res judicata. The trial court, with written reasons, sustained the exceptions, and dismissed plaintiff's suit. Plaintiff has appealed.
The issue to be determined is whether or not the Texas decree is entitled to full faith and credit in Louisiana under Article 4 Section 1 of the United States Constitution such that it is now res judicata insofar as it decrees a division of the community of acquets and gains which existed between the parties irrespective of the situs of the property involved.
Appellant urges that the Texas court which rendered the decree of divorce had no jurisdiction to determine the disposition of immovable property located in Louisiana. Citing dicta from Butler v. Bolinger, 16 La.App. 397, 133 So. 778 (2nd Cir. 1931), as authority, appellant contends that the Texas court had jurisdiction only to the extent of adjudicating the personal status of the parties. Further, appellant argues that foreign judgments which have an extraterritorial effect upon immovable property in Louisiana are not entitled to full faith and credit under Article 4 Section 1 of the United States Constitution.
In Butler, supra, the parties, married in Bossier Parish, acquired a forty (40) acre tract of land in Louisiana, and then moved to California. Later the parties were divorced via an interlocutory decree of divorce rendered by a California court. The court in its decree ordered the distribution of certain community property located in California. Unlike the case at bar, the California decree was silent as to the disposition of the property located in Louisiana. The dispute arose following the return of one of the parties (Mrs. Butler) to Louisiana at which time she sold her one-half (½) interest in the property to M. R. Bolinger with the deed properly recorded in Bossier Parish. Subsequently, Mr. Bolinger instituted an action to partition the forty acre tract by licitation and secured a judgment by default ordering a partition by licitation. Butler then instituted suit to enjoin the proposed partition sale and to have the partition judgment declared a nullity alleging that the California decree did not dissolve the community between he and Mrs. Butler and therefore, she had no right to sell her interest in the property. Both the trial court and the appellate court held that Mrs. Butler could legally sell her interest in the immovable property located in Louisiana. The court determined that the legal effect of the California interlocutory decree was analogous to Louisiana's separation a mensa et thoro. Thus, the court stated the decree effectively dissolved the community existing between the parties and made them co-owners in indivision of the property at issue. We again note that the California decree did not purport to describe or divide any property situated in Louisiana.
In dicta, the Butler court commented on the jurisdictional power of foreign forums to render judgments affecting immovable property in our state. The court in Butler concluded that under the full, faith and credit clause of the U.S. Constitution, judgments of other states must be given the same effect as are given them in the state where rendered, but only so far as the personal status of the parties is concerned. In the course of its opinion the court stated:
"The validity of a judgment of another state where it operates on property within that state will not be inquired into by the courts of this state, but its extraterritorial effect on rights to immovables in this state will not be tolerated."
In conflict with the dicta in Butler is a more recent case decided by Judge (now Justice) Blanche entitled Swain v. Swain, 339 So.2d 453 (La.App. 1st Cir. 1976). In that case, the plaintiff filed a petition for judgment declaring a Florida divorce decree a nullity insofar as it affected property located in Louisiana. The court noted that it was powerless to deny the Florida judgment full faith and credit as mandated by Article 4 Section 1 of the U.S. Constitution unless the Florida court lacked jurisdiction over the parties or the subject matter involved in the controversy. Milliken v. Meyer, 311 U.S. 457, 61 S.Ct. 339, 85 L.Ed. 278 (1941); Crichton v. Succession of Crichton, 232 So.2d 109 (La.App. 2nd Cir. 1970), writs *770 refused, 256 La. 274, 236 So.2d 39 (1970), U.S. certiorari denied, 400 U.S. 919, 91 S.Ct. 172, 27 L.Ed.2d 159, U.S. rehearing denied, 400 U.S. 1002, 91 S.Ct. 449, 27 L.Ed.2d 453 (1971). Judge (now Justice) Blanche stated:
"On the facts of the record before us, the Florida court obviously had jurisdiction over both the parties and the subject matter, that is, the marriage that existed between the plaintiff and the defendant and the legal effects that flowed therefrom."
The seeming conflict in the Butler and Swain cases appears grounded in the characterization of the subject matter by the reviewing courts. Our review and study of the jurisprudence on the specific issue presented leads us to the conclusion that a foreign judgment of separation or divorce which incorporates a division of community property is final and res judicata in all aspects and entitled to full faith and credit unless it be established that the court rendering such judgment was without jurisdiction over status or unless a collateral attack against the judgment could be entertained in the rendering state. We are prompted to this conclusion by the cases Swain v. Swain, supra, Sheard v. Green, 52 So.2d 714 (1951), Liebendorfer v. Gayle, 217 So.2d 37 (La. App. 3rd Cir. 1968), writ denied, 219 So.2d 901 (La. 1969), certiorari denied, 396 U.S. 863, 90 S.Ct. 137, 24 L.Ed.2d 116, and Gay v. Gay, 203 So.2d 379 (La.App. 3rd Cir. 1967), all of which will be discussed herein.
In this case, appellant established her domicile in Texas and subsequently filed for divorce in that state. The Texas court, noting proper service and citation on the defendant, determined it had jurisdiction over the parties and the subject matter involved in the controversy. The defendant neither personally appeared nor was represented by counsel in the Texas proceedings. Appellant's petition contained a request for the distribution of the community property existing between the parties. Presumably, the manner of the division of such property was, in the plaintiff's opinion, fair and equitable. The defendant, having notice of the plaintiff's proposed property settlement, acquiesced therein by virtue of his decision not to contest the suit. The resulting agreement regarding the disposition of the community property was approved by the forum court and incorporated in the judgment of that court.
The facts of this case are similar to those present in Sheard v. Green, 219 La. 199, 52 So.2d 714 (1951). In Sheard the plaintiff moved to Arkansas and established her domicile there for the purpose of obtaining a divorce. Prior to the granting of the divorce, the plaintiff and defendant entered into a property settlement agreement providing for limited alimony and the distribution of certain community property. The plaintiff, after obtaining the Arkansas decree, instituted suit in Louisiana to have that judgment set aside on the basis of fraud. The Louisiana Supreme Court noted in its opinion that under Louisiana law a property settlement agreement entered into by the parties was absolutely null and void if executed prior to judicial separation or divorce unless it was incorporated into the judgment of divorce itself. The court in its opinion declared that:
"An attack on the contract (community property settlement agreement) in this case under Louisiana law is an attack on the judgment of divorce itself and the only question that this court can consider with respect to a divorce decree of a sister state is the jurisdictional requirement of domicile. Navarrette v. Laughlin, 209 La. 417, 423, 24 So.2d 672 and cases cited therein."

The permissible extent of a collateral attack on a foreign judgment was expanded in Boudreaux v. Welch, 249 La. 983, 192 So.2d 356 (1966), followed by this court in Gay v. Gay, 203 So.2d 379 (La.App. 3rd Cir. 1967) and Liebendorfer v. Gayle, 217 So.2d 37 (La.App. 3rd Cir. 1968), writ denied, 218 So.2d 901 (La.1969), certiorari denied, 396 U.S. 863, 90 S.Ct. 137, 24 L.Ed.2d 116. In Liebendorfer, our court noted that the law as stated in Sheard, supra, had changed. The court in its opinion quoted the language in Gay v. Gay, 203 So.2d 379:

*771 "A collateral attack may be entertained here (in Louisiana) if the rendering state would permit such an attack."

In accordance with Louisiana Code of Civil Procedure article 1391, the trial judge in the instant case took judicial notice of the laws of Texas and concluded that the judgment rendered by the Texas court was unassailable in that forum. Texas concepts of res judicata provide that once a litigant in a divorce action brings into issue the community property rights of the parties, the judgment dividing such property operates as a bar to subsequent reconsideration of that issue absent fraud or misrepresentation concerning the extent of the community holdings. Ladd v. Ladd, 402 S.W.2d 940 (Tex.Civ.App. 1966). Further, the Fourth Circuit Court of Appeals stated in Didier v. Didier, 230 So.2d 436 (La.App. 1st Cir. 1969), writs refused (1970), that burden of providing that the original judgment of divorce may be collaterally attacked rests with the person seeking to deny it full faith and credit. In the case presently before this court, the plaintiff has alleged no facts that would indicate she would be entitled to attack the Texas judgment in the Texas court. Since no timely appeal was filed in Texas the judgment of divorce has become final. As the judgment cannot be collaterally attacked in Texas, we must conclude that Article 4 Section 1 of the United States Constitution and Louisiana law preclude the plaintiff from launching a collateral attack on the Texas decree in the courts of our state. Therefore, plaintiff's demand that she be recognized as a co-owner in indivision of the immovable property located in LaSalle Parish must be denied.
Plaintiff contends that the trial court incorrectly interpreted the Texas decree so as to deprive her of any interest in the property in LaSalle Parish. We must disagree. The language of the Texas judgment must be construed in regard to its most common usage. Thus, the term "possession" as used in the decree refers to that property in the corporeal possession of the parties absent specific language to indicate otherwise. The record before us reveals that the plaintiff was fully aware that the defendant was in corporeal possession of the property at issue at the time she petitioned the Texas court for a decree of divorce and a division of the community property. Further, it cannot be denied that the Texas court granted the plaintiff exactly that relief which she requested. As previously noted, the Texas court approved the plaintiff's proposed distribution of community property and incorporated it into the court's decree. If the plaintiff believed the language employed in her prayer for relief was ambiguous, she was certainly free to re-word or re-structure her prayer so as to clearly state her desired relief.
Citing Valvoline Oil Company v. Krauss, 335 So.2d 64 (La.App. 3rd Cir. 1976), appellee urges that the plaintiff should be judicially estopped from attacking the Texas judgment since she specifically requested a property division based on possession. In Valvoline, our court ruled that a party to a property settlement agreement was estopped from denying its legal efficacy after it was established that the party had judicially confessed the agreements validity by virtue of the allegations contained in the party's answer filed in a foreign forum.
A similar theory was applied in Swain v. Swain, supra, wherein the court commented as follows:
"Presumably the Florida court applied Louisiana law when it partitioned the property; and if it did not, it seems to us that the plaintiff should have complained to the Florida court before its judgment became final. Now plaintiff, not being satisfied with that judgment wants to try her luck in our courts with the hope that on her second time around another partition will be more favorable."
In the instant case, it also seems to us, that the proper time for the plaintiff to state her objections to the decision of the Texas trial court was prior to that judgment becoming final. The plaintiff had the opportunity to either request that the trial court reconsider its decision or file an appeal with the proper Texas appellate court. *772 Failing to exercise those remedies available to her in Texas, the plaintiff cannot be heard to complain in the courts of our state about the provisions of a foreign judgment which the plaintiff, herself affirmatively sought.
Also noteworthy is the fact that the plaintiff does not seek to invalidate the Texas decree. The facts show that the plaintiff has relied on the decree's validity by virtue of her remarriage. The plaintiff seeks only to modify the judgment so as to provide her with an advantage she would not have otherwise. The defendant, too, has relied upon the provisions of the Texas decree. Presumably, the defendant after service of the plaintiff's petition, examined it and decided that since he had no objections to the relief requested by the plaintiff, he would not contest the suit. Also, after service of the judgment of the Texas court the defendant, relying on the provisions in that decree, elected not to exercise his right to appeal that decision. An obvious inequity would result if the defendant were placed in a position whereby the plaintiff, unsatisfied with the Texas decree, could now have those portions of the judgment she finds distasteful modified by the courts of our state. Although the appellee did not specifically plead the affirmative defense of estoppel, we opine that the elements for judicial estoppel are present. As stated in Rouse v. Rouse, 219 La. 1065, 55 So.2d 246, 250 (La. 1951):
"The principle upon which cases of this character should be decided is that no one can accept the benefits of a judgment and then be heard to assert its nullity and invalidity ..."
Finally, plaintiff's counsel attacks the validity of the Texas judgment on the ground that the defendant neither appeared nor was represented by counsel in that proceeding. Clearly such an argument is within the domain of the defendant to assert, not the plaintiff. After all, the plaintiff was present and represented by counsel at the Texas proceeding, therefore her rights were protected. The defendant had the choice of whether or not he would appear at the proceeding in Texas or retain counsel to represent him. He chose not to affirmatively protect himself from any potential prejudice in the foreign forum. The choice is surely the defendant's and the plaintiff may not assert that the judgment is invalid on that ground.
For the above and foregoing reasons, the judgment of the trial court sustaining the defendant's exception of res judicata is affirmed. All costs of this appeal are assessed to the plaintiff-appellant.
AFFIRMED.