476 So.2d 524 (1985)
Darling DICKERSON
v.
Edna Litt SCOTT, et al.
No. 84 CA 0847.
Court of Appeal of Louisiana, First Circuit.
October 8, 1985.
*525 C. Jerome D'Aquila, and Michael E. Parks, New Roads, for plaintiff-appellee.
Paul M. Hebert, Jr., Breazeale, Sachse & Wilson, Baton Rouge, for defendants-appellants.
Before GROVER L. COVINGTON, C.J., and WATKINS and SHORTESS, JJ.
SHORTESS, Judge.
Darling Dickerson (plaintiff), a resident of the State of Mississippi, filed suit seeking a declaratory judgment to determine his ownership rights to property located in Pointe Coupee Parish, Louisiana. To do so required an interpretation of a waiver of all property claims by his former wife, Edna Litt Scott (defendant), in an agreement incorporated in their 1940 Mississippi divorce judgment. Plaintiff brought the lawsuit after a mineral lease between defendant and Galaxy Oil Company[1] on said property was recorded.
The trial court found plaintiff to be the sole owner of the property and accorded the Mississippi judgment full faith and credit in Louisiana. Defendant appealed. The issues on appeal are:
(1) whether a foreign judgment is entitled to full faith and credit in Louisiana where it affects title to immovable property in Louisiana; and

*526 (2) whether an agreement containing an omnibus property description, no conveyance language, confected before divorce by parties legally incapable of contracting with each other under Louisiana law, and not recorded in Louisiana until 1982 is valid.

FACTS
Plaintiff and defendant were both Mississippi residents when they were married on March 31, 1936, and divorced on April 9, 1940. On March 31, 1936, plaintiff's parents sold him approximately 85 acres in Pointe Coupee Parish described in the deed as:
a certain piece or parcel of land, situated at what is known as Cat Fish Point, in the Parish of Pointe Coupee, State of Louisiana., containing at this time Eighty five (85) acres, more or less, bounded on the North by lands now or formerly of Jones and Green; East by the Mississippi River, on the South by lands now or formerly of Jones, Allen and Nichols., and on the west by what is known as Old River.
Both parties stipulated that the property was a community asset and that they were divorced by judgment rendered by the Chancery Court of Wilkinson County, Mississippi.
On March 22, 1940, defendant signed the following agreement:
In consideration of the payment to me of the sum of Three Hundred Dollars, the receipt of which is hereby acknowledged, I the undersigned Edna Dickerson, wife of Darling Dickerson, do hereby agree, warrant and bind myself to make and claim no further sum, either by way of alimony, or property settlement, or other wise, of and from my said husband Darling Dickerson, whose suit and case against me for a divorce is now pending in the chancery court of Wilkinson County, State of Mississippi.
The Chancery Court "approved and confirmed" that waiver in the final divorce judgment with the following language:
and it further appearing to the court from the evidence and from said written and verified acknowledgment by the defendant, that she has accepted the sum of Three Hundred Dollars cash as a full payment of all alimony and property right arising under her [marriage] to the complainant, it is therefore ordered, adjudged and decreed that that the complainant, Darling Dickerson, be and he is divorced from the bonds of matrimony by and between himself and the defendant, Edna Dickerson, ... and it is further ordered, adjudged and decreed that the payment to and acceptance of the Three Hundred Dollars cash as a full payment of all [alimony] and property right by the defendant under said marriage is approved and confirmed by the court and herein made final.
No further evidence was submitted and no witnesses testified.
In written reasons, the trial judge said:
The Court believes, in this case, that the judgment of divorce rendered in Mississippi is entitled to full faith and credit in Louisiana and this Court feels that it is without power to entertain a collateral attack on that judgment. There has been no showing in this case that the judgment was subject to attack in Mississippi. It appearing from the record that Mrs. Scott was indeed aware of its terms and agreed to them and the Court does not believe that it can look beyond a judgment of a sister state rendered some forty (40) years ago with apparent acquiescense by both parties.
It is well settled that immovable property is governed by the law of its situs and that judgments of one state cannot directly affect or determine title to immovable property located in another state. Butler v. Bolinger, 16 La.App. 397, 133 So. 778, 782 (1931); Jacobson v. Jones, 236 Miss. 640, 111 So.2d 408, 411 (1959). However, the court which has jurisdiction over parties and the subject matter in a divorce action may determine the legal rights and obligations between parties with respect to immovable property in another *527 state. While a foreign court may not act directly on title to property, it may affect the parties' dealings with the property and bind them personally. Where a foreign judgment incorporates a division of community property in a community property settlement, that judgment is final and res judicata in all respects, and entitled to full faith and credit in other states unless the original court was without jurisdiction. U.S. Const. art. 4, § 1; Shaw v. Ferguson, 437 So.2d 319, 321 (La.App. 2nd Cir.1983); Sandifer v. Sandifer, 389 So.2d 767 (La. App. 3rd Cir.1980).
Whether a court may exercise jurisdiction over a divorce action depends upon the domicile of one of the parties. Didier v. Didier, 230 So.2d 436 (La.App. 1st Cir.1969); writ refused, 233 So.2d 248 (La.1970); Cuevas v. Cuevas, 191 So.2d 843 (Miss.1966). In this case, Mississippi clearly had jurisdiction over its own domiciliaries and the subject matter (their marriage and the legal effects flowing from it) and could, therefore, impose personal obligations upon the parties in regard to partition of community property. Parties may collaterally attack a Mississippi decree in a Louisiana court if Mississippi would permit such an attack on jurisdiction. The burden of proof rests with the party seeking to deny the decree full faith and credit. Didier, 230 So.2d at 440; Gay v. Gay, 203 So.2d 379, 381 (La.App. 3rd Cir.1967). Defendant has offered no proof nor alleged any facts entitling her to attack the Mississippi judgment and in fact apparently acquiesced for over forty years without asserting any property rights. Therefore, the trial judge was not manifestly erroneous in according full faith and credit to the Mississippi divorce judgment.
Defendant admits she is not attacking the validity of the divorce decree, just whether she conveyed her share of the community property to her husband in the accompanying waiver. Defendant argues that she waived all her rights and claims several weeks before the final divorce decree at a time when such a relinquishment was absolutely null and void as entered into prior to judicial separation or divorce. LSA-C.C. arts. 1790,[2] 2446,[3] 2427 and 2428.[4] However, the Louisiana Supreme Court has held that such an agreement is binding if incorporated in a divorce judgment, or confected after the dissolution of the community. Sheard v. Green, 52 So.2d 714, 716 (La.1951); Sandifer, 389 So.2d at 770. Here the agreement was made part of the divorce judgment.
Defendant argues that the waiver she signed is invalid for failure to meet Louisiana legal requirements for conveyance of property since it contains no specific property description, no language of conveyance, and is not in authentic form. She maintains that she did not intend to transfer her share of the community property to her husband. She contends that his failure to record the Mississippi judgment in Pointe Coupee Parish until 1982 supports her position. Louisiana recognizes that an omnibus description is effective between the parties and includes all their movable and immovable property. Williams v. Bowie Lumber Co., 38 So.2d 729, 730 (La. 1948); Nix v. Nix, 385 So.2d 503, 505 (La. App. 1st Cir.1980). All that is required to perfect a sale between the parties is an agreement between the parties on the thing, the price and consent. LSA-C.C. art. 2439. In consideration for $300.00, defendant agreed, warranted, and bound herself to make no further claim to alimony or property. The Chancery Court incorporated said agreement in its final decree. For over forty years defendant never challenged the Mississippi Court's application of the law. Louisiana courts presume that foreign courts apply Louisiana law since they are powerless to inquire into the merits of the cause of action or the validity of *528 the legal principles on which the foreign courts base their decision. U.S. Const. art. 4, § 1. Swain v. Swain, 339 So.2d 453, 456 (La.App. 1st Cir.1976). For these reasons, the trial court's judgment is affirmed at defendant's costs.
AFFIRMED.
NOTES
[1] Plaintiff cited Galaxy Oil Company as a defendant herein, and the record shows that Galaxy filed an answer. Its involvement apparently ends at that point. The case was tried as between plaintiff and defendant only. The judgment affects plaintiff and defendant only. Galaxy is not involved in this appeal in any way.
[2] LSA-C.C. art. 1790 repealed by 1979 La.Acts., No. 709, § 5.
[3] LSA-C.C. art. 2446 repealed by 1978 La. Acts, No. 627, § 5, and 1979 La.Acts, No. 709, § 2.
[4] LSA-C.C. arts. 2427 and 2478 repealed by 1979 La.Acts, No. 709, § 1.