BAILES, Judge.
The plaintiff-appellant instituted this tort action as the alleged surviving widow of Carroll J. Boudreaux to recover damages for the wrongful death of Mr. Boudreaux. Defendants-appellees moved for a summary judgment on the ground that plaintiff was not the lawful wife of Carroll J. Boudreaux at the time of death because she was not legally divorced from her husband, Owen J. Mire, and consequently was not entitled to sue for damages for the death of the decedent under the provisions of LSA-C.C. Article 2315.
The determining facts are not in* dispute and have been succinctly summarized by the learned trial judge as gleaned from the deposition and documents introduced in evidence on the hearing of the motion for summary judgment. We are grateful to him for the summary of facts which follows:
“ * * * The plaintiff, Katherine G. Boudreaux, was legally married to Owen J. Mire on August 22, 1924, with whom she lived until approximately the latter part of the year 1947. During all this time they lived in the State of Louisiana, for a time in St. Mary Parish, and for a time in Terrebonne Parish. Plaintiff and Owen J. Mire separated in the latter part of the year 1947, or the early part of the year 1948. At the time of their separation, plaintiff and her husband were living in Patterson, St. Mary Parish, Louisiana. After the separation, plaintiff continued to live in the same house in Patterson, Louisiana, in which she had lived prior to her separation, and she was living there when she obtained a divorce from her husband in Harrison County, State of Mississippi. Plaintiff actually never resided in the State-of Mississippi, but she visited there a few days in order to testify in the divorce suit which she had instituted' against her husband, Owen J. Mire, in the Chancery Court of Harrison County, Mississippi, on August 16, 1950. Owen J. Mire, though a resident of and domiciled in Louisiana, executed in the Parish of St. Mary, State of Louisiana, on August 29, 1950, a written waiver of service and an entry of appearance in the Chancery Court of Harrison County, Mississippi. The Chancery Court of Harrison County, Mississippi, entered a decree of divorce in the matter on September 22, 1950.”
We here reproduce the body of the waiver of service and entry of appearance which Owen J. Mire signed as above set out.
“I, the undersigned Owen J. Mire, being advised that my wife, Katherine G. Mire, has filed a suit in the Chancery Court of Harrison County, Mississippi, against me for a divorce, do hereby waive the service of process on me and do enter my appearance in said cause and consent that the same may be tried at the September, 1950 term of said court or at any succeeding term thereof.”
The point at issue in this case is whether the defendants in an action to recover damages under LSA-C.C. Article 2315 can collaterally attack a judgment of divorce rendered by a Mississippi court in order to show the invalidity of an alleged second marriage to decedent.
The trial court held that the judgment of divorce rendered by the court in Mississippi was void ab initio, and that its invalidity could be pleaded as a bar to plaintiffs action.
The plaintiff contends that the trial court decided this case adverse to her on outmoded *727 jurisprudence; that its opinion and decision was based primarily on the case of Navarette v. Joseph Laughlin, Inc., (1946) 209 La. 417, 24 So.2d 672, in which latter case the court relied principally on the case of Williams v. State of North Carolina, 325 U.S. 226, 65 S.Ct. 1092, 89 L.Ed. 1577 (1945) ; that domicile is wholly immaterial .as to full faith and credit where the defendant submits himself to the jurisdiction of the divorce rendering state. Plaintiff relies on the cases of Sherrer v. Sherrer (1948), 334 U.S. 343, 68 S.Ct. 1087, 1097, 92 L.Ed. 1429, and Coe v. Coe (1948), 334 U.S. 378, 68 S.Ct. 1094, 1097, 92 L.Ed. 1451, Johnson v. Muelberger (1951), 340 U.S. 581, 71 S.Ct. 474, 95 L.Ed. 552, and Cook v. Cook, (1952), 342 U.S. 126, 72 S.Ct. 157, 96 L. Ed. 146, as authority for this court to hold that the defendants cannot collaterally attack the Mississippi judgment of divorce rendered between plaintiff and Owen J. Mire.
It is the plaintiff’s contention therefore that this waiver of service and entry of appearance which Mr. Mire signed and which was filed in the record of the divorce suit in the Chancery Court of Harrison County, Mississippi, amounted to a personal appearance of him in this suit and that thereby he submitted himself to the jurisdiction of the ■court and therefore the defendants cannot -question the validity of the judgment rendered by the Mississippi court.
We find in the case of Eaton v. Eaton (1955) 227 La. 992, 81 So.2d 371, a case ■strikingly similar to the instant case, in fact, so much so that we hold that it is controlling of the question before us for decision. In the Eaton case the wife went to the State of California on a visit and while there she received from her husband a document called a waiver of summons and an entry of appearance, and after some correspondence to determine the meaning of the document, the wife ■signed the waiver of service and her California attorney returned it to the husband’s Arkansas attorney. Suit was filed by the husband in an Arkansas court and in due course this waiver of service of summons and entry of appearance was filed in the record. The Arkansas court rendered a judgment of divorce in favor of the husband and against the wife. Then sometime after the wife returned to Louisiana she instituted a suit for divorce against her husband on the ground of adultery, alleging that adultery was committed with a woman whom he had married after obtaining the Arkansas decree. The husband defended this suit on the ground that he had obtained a divorce from the plaintiff-wife in Arkansas. The District Court in this state rendered judgment in favor of the plaintiff-wife and her husband appealed.
The defendant in the Eaton case cited to our Supreme. Court the identical cases of Sherrer v. Sherrer, Coe v. Coe, Johnson v. Muelberger and Cook v. Cook, supra, and argued to the court that on the basis of the United States Supreme Court decisions in those cases the Arkansas divorce was valid and that the plaintiff-wife had in fact made an appearance through the document called waiver of summons and entry of appearance and that the Arkansas divorce was entitled to full faith and credit in this state.
It would be a useless extension of this opinion for us to discuss and distinguish the Sherrer, Cole, Johnson, and Cook cases from the instant case because in the Eaton case the Supreme Court, through Justice Hamiter, has fully discussed these cases and has found that they are not controlling of the facts in the case before it, that is, Eaton v. Eaton.
After discussing the Sherrer, Cole, Johnson and Cook cases the Supreme Court in Eaton v. Eaton in 227 La., at page 1005, 81 So.2d, at pages 375, 376 said :
“[2] Reverting to the present case, the defendant in the divorce action (plaintiff here) was not served in Arkansas nor did she appear in such action to contest the jurisdictional issues. True, she signed the above quoted, so-called ‘Waiver of Summons and Entry of Appearance’ mailed to her by the *728 husband. But neither she nor her attorney filed it in the divorce proceedings. The executed document was forwarded to and handled by the husband’s Arkansas attorney. Moreover, he received it even before the commencement of the divorce action. Consequently, it cannot be correctly said that the question of requisite residence, and hence the jurisdiction of the Arkansas court, has been litigated by the parties. Rather, appropriate and correct would be the statement that the proceedings in the Arkansas court, neither party having been properly before that tribunal, is to be viewed merely as a means for providing a ‘mail-order’ divorce.
“Since the circumstances outlined above render inapplicable here the doctrines of the Sherrer, Coe, Johnson and Cook cases (on which defense counsel rely), and it clearly appearing that the Arkansas court lacked jurisdiction of the divorce action in question under its own laws, we conclude and hold, as did the trial judge, that the courts of this state are not required to give full faith and credit to the Arkansas decree pleaded by this defendant.”
Therefore, in the instant case we find, and so hold, that the judgment of divorce rendered in Mire v. Mire in the Chancery Court of Harrison County, Mississippi, is not entitled to full faith and credit and that the proceeding carried on in that case in Mississippi was not an adversary proceeding where the parties had an opportunity to raise the jurisdictional question under the proceedings that took place there. Neither the plaintiff nor the defendant was a domiciliary of Mississippi, in fact, the defendant, Owen J. Mire, never at any time went to the State of Mississippi and that the plaintiff went there only for the purpose of testifying and remained but a few days. Under such circumstances the Mississippi Court did not obtain jurisdiction and the judgment of divorce rendered in that proceeding is null and void.
By supplemental brief the plaintiff advances the argument that “in many jurisdictions, even where a collateral attack on a judgment is permitted, the third parties must be protecting a right which arose prior to the judgment attacked.” In other words, if a collateral attack on the Mississippi judgment is permitted we should restrict the effect thereof to protecting a right which arose prior thereto. Of course the meaning of such a holding would be that the defendants herein could not attack the divorce which was rendered in 1950 and if successful in that attack it could not be pleaded in bar of the cause of action that arose subsequent to 1950. It appears that the plaintiff would have us hold that the nullity of the judgment of divorce rendered by the Mississippi Court is really a relative nullity, null only in relation to some occurrence or cause of action that arose prior to the rendition of the Mississippi judgment of divorce.
We are not persuaded by this argument because we can find no distinction between the effect of this judgment on either a prior cause of action or one arising subsequent to the nullity. It is our holding that anyone at interest has the right to plead the nullity of a judgment of a sister state rendered under the circumstances that we find this judgment rendered. In the case of Finn v. Employers’ Liability Assurance Corporation (1962), La.App., 141 So.2d 852 the alleged nullity of an Arkansas judgment of divorce was pleaded in bar to a cause of action that arose subsequent to the rendition of the Arkansas judgment. The trial court in the Finn case permitted the defendants to collaterally attack the judgment, and our brothers of the Second Circuit affirmed the judgment.
For the foregoing reasons, the judgment appealed from is affirmed at appellant’s cost.
Judgment affirmed.