LOTTINGER, Judge.
This is an appeal from a judgment granting to the plaintiff-wife, Eva Lorraine Gordon Hudman, a divorce from Charles A. Hudman. From said.judgment, the defendant has appealed.
The record points out that the plaintiff and defendant were married on May 29, 1954, and four children were born of this marriage. In 1969, the plaintiff went to the State of Arkansas and filed suit for a divorce. The defendant filed a waiver of appearance in that suit, and a divorce was decreed by the Arkansas Court, and provided in part as follows:
“That the parties are members of the white race; that plaintiff is and has been a resident of Ashley County, Arkansas, for more than 90 days prior to the date of this decree; that the Court has full and complete jurisdiction of the parties and the subject matter of this action; * * *»
Some time after the above mentioned divorce, the defendant-husband remarried. On March 23, 1970 a judgment of separation from bed and board was rendered in favor of Eva Lorraine Gordon Hudman and against Charles Hudman by the 24th Judicial District Court in and for the Parish of Jefferson. On April 13, 1970, a property settlement was signed by both plaintiff and defendant, and made mention of the Jeffer *620 son judgment, but not the Arkansas decree.
On March 10, 1971, plaintiff filed the instant suit for divorce based on adultery. Plaintiff contends the defendant is living in open concubinage with the woman whom defendant contends he is now married to. To this suit, defendant filed an exception of res judicata based on the Arkansas divorce decree.
The plaintiff contends that she was not in Arkansas for more than several hours, never saw her Arkansas attorney, and never appeared in Court when the Arkansas divorce decree was obtained. She further alleges that neither she nor the defendant felt the divorce decree from Arkansas was valid.
The defendant alleges that under the “Full Faith and Credit” clause of the United States Constitution, Article 4, Section 1, the Arkansas divorce decree must be recognized as being valid by a Louisiana court. He further contends that the Louisiana court is bound to give full faith and credit in this divorce case to the Arkansas divorce decree where both parties participated in that proceeding and the Arkansas court determined that it had jurisdiction. He has cited several Louisiana cases which will be discussed below. The Trial Judge in his oral reasons for judgment stated:
“It may be that in a technical, legal sense, the Supreme Court of this state would recognize this to have been a valid divorce under the laws of the State of Arkansas. This Court does not share that opinion.” We are of the opinion that the Trial Judge was in error. He should have recognized the Arkansas divorce decree as a valid judgment of a sister state, and should have maintained the exception of res judicata.
In Boudreaux v. Welch, 249 La. 983, 192 So.2d 356 (1966), the Supreme Court of this state held that where a divorce decree of a sister state is unassailable in that sister state, it must be given full faith and credit by Louisiana courts.
The Boudreaux case, supra, was a tort action by the surviving widow for the recovery of damages. The defense was that she had never been legally divorced from her first husband. From the opinion in the Boudreaux case, we find a complete discussion of the facts and law appropriate:
“Plaintiff was legally married to Owen J. Mire on August 22, 1924 and the parties lived together in this State until the latter part of 1947, when they separated. At that time they were living in Patterson, St. Mary Parish. Thereafter, plaintiff continued to live in the house where the parties had resided previously and she was living there on August 16, 1950 when she filed suit in the Chancery Court, Harrison County, Mississippi seeking a divorce from Mire. Plaintiff actually never resided in the State of Mississippi but visited there for a few days to testify in the divorce proceedings. On August 29, 1950 Mire executed a waiver of service and entry of appearance, con-formably with Chapter 244, Mississippi Laws of 1936, which stated:
T, the undersigned, Owen J. Mire, being advised that my wife, Katherine G. Mire, has filed a suit in the Chancery Court of Harrison County, Mississippi against me for a divorce, do hereby waive the service of process on me and do enter my appearance in said cause and consent that the same may be tried at the September, 1950 term of said court or at any succeeding term thereof.’
This document was filed in the divorce proceedings, and, on September 22, 1950, a final decree of divorce was rendered by the Chancery Court. Plaintiff subsequently married the decedent, Boudreaux, in December, 1950.
Defendants contend they are entitled to collaterally attack the Mississippi divorce decree on jurisdictional grounds under our holdings in Navarrette v. Laughlin, 209 La. 417, 24 So.2d 672 (1946) and Eaton v. Eaton, 227 La. 992, 81 So.2d 371 (1955) inasmuch as plaintiff, in her depo *621 sition taken on the motion for summary judgment, admitted that she was never a resident of Mississippi but had gone there for a few days only to testify in the divorce proceedings. Defense counsel further argue that, under the rulings of the Supreme Court of the United States in the two cases of Williams v. State of North Carolina, 317 U.S. 287, 63 S.Ct. 207, 87 L.Ed. 279, 143 A.L.R. 1273 (1942) and 325 U.S. 226, 65 S.Ct. 1092, 89 L.Ed. 1577, 157 A.L.R. 1366 (1945) the issue of jurisdiction of the court that rendered the decree can always be the subject of judicial inquiry by the court of another jurisdiction and, when, as here, it has been established that Mississippi lacked jurisdiction over the subject matter because of non-residence of both parties, the decree of divorce is void ab initio and not entitled to Full Faith and Credit. Plaintiff, on the other hand, declares that the judicial pronouncements cited in support of Navarrette v. Laughlin have been markedly altered by later jurisprudence and that the instant case is distinguishable from Eaton v. Eaton. She asserts that the situation here is identical in principle with Johnson v. Muelberger, 340 U.S. 581, 71 S.Ct. 474, 95 L.Ed. 552 (1951) and, therefore, the Mississippi decree is not subject to collateral attack. Plaintiff’s position is that the divorce decree, being valid under Mississippi law and invulnerable to collateral attack in that State by reason of the personal appearance of Mire in accordance with the laws of Mississippi, is entitled to the complete protection of the Full Faith and Credit Clause under the rulings (in addition to Johnson v. Muelberger) in Sherrer v. Sherrer, 334 U.S. 343, 68 S.Ct. 1087, 92 L.Ed. 1429, 1 A.L.R.2d 1355 (1948); Coe v. Coe, 334 U.S. 378, 68 S.Ct. 1094, 92 L.Ed. 1451, 1 A.L.R.2d 1376 (1948) and Cook v. Cook, 342 U.S. 126, 72 S.Ct. 157, 96 L.Ed. 146 (1951).
The district judge sustained the motion for summary judgment and dismissed the suit. The Court of Appeal (First Circuit affirmed. See Boudreaux v. Welch, 180 So.2d 725. On plaintiff’s application we granted a writ of review.
Defendants’ attack is untenable. In our view the case at bar is controlled by Johnson v. Muelberger.
Initially, we think it plain that the jurisprudential statements contained in Navarrette v. Laughlin, founded (as they were) on the pronouncements in Williams I and Williams II cases, are inapplicable here as the doctrine of the Williams cases has been materially modified by the later jurisprudence of the Supreme Court of the United States. This was recognized by us in Eaton v. Eaton wherein all the recent cases on this subject — viz. Sherrer v. Sherrer, Coe v. Coe, Johnson v. Muelberger and Cook v. Cook, are cited and discussed.

‘When a divorce cannot be attacked for lack of jurisdiction by parties actually before the court or strangers in the rendering state, it cannot be attacked by them anywhere in the Union. The Full Faith and Credit Clause forbids.’
This is exactly the case here. Mr. Mire, plaintiff’s first husband, filed in the record in the Mississippi divorce proceedings a waiver of summons and entry of appearance. Issue was thus joined and this was sufficient to foreclose the jurisdictional question as res judicata. The filing of the waiver of summons and entry of appearance pursuant to Chapter 244, Mississippi Laws of 1936, after the institution of the divorce proceeding rendered the judgment unassailable as to Mire. In other words, by his entry of appearance he had an opportunity to litigate the jurisdictional question and this is all that is necessary in order for the Full Faith and Credit Clause to apply.
It was not obligatory, as the Court of Appeal believed, for Mire to have resisted the granting of the divorce. Indeed, Johnson v. Muelberger does not indicate that active participation by the defendant is necessary. On the contrary the basic *622 element which bars collateral attack here is that the rendering State will not permit such an attack and considers the matter res judicata.
* *****
We hold therefore that this Court must give full faith and credit to the Mississippi divorce since that divorce decree is unassailable in the courts of the state that rendered it.”
In Didier v. Didier, 230 So.2d 436, La.App. 1st Cir. (1969), writ refused, 255 La. 806, 233 So.2d 248 (1970) this Court had a similar situation to the case at bar. There the wife instituted a suit seeking a divorce from her husband on the grounds of having lived separate and apart for a period in excess of two years. The defendant-husband filed a peremptory exception of res judicata on the grounds that he had obtained a divorce from his wife in Arkansas on August 10, 1965. In that case the husband filed a suit for divorce in Arkansas, and she filed an answer. The judgment granted the divorce, awarded her custody of the minor child, and gave her alimony and child support. She contended in her suit for a divorce that it was the duty of the Louisiana court to ascertain whether or not her husband met the resident requirements of Arkansas. In the Didier case we said:
“Assuming arguendo the points raised by appellant (plaintiff-wife), namely: that throughout the Arkansas proceedings ap-pellee (defendant-husband) was employed by the State of Louisiana, maintained his domicile in Louisiana and only went to Arkansas for several weekends, we are confronted with certain indisputable facts which show beyond any doubt that the proceedings conducted in Arkansas were truly adversary in nature.
Under the above enumerated facts we are of the opinion that appellant (plaintiff-wife) by her participation in the Arkansas proceedings availed herself of the opportunity to contest the jurisdiction of that court. Rightly or wrongly, that court decided that it did have jurisdiction, i. e., that appellee (defendant-husband) fulfilled the residency requirements. Appellant (plaintiff-wife) does not allege any facts which would show that she would be entitled to attack the Arkansas judgment in the Arkansas court. Accordingly, Louisiana is bound to give full faith and credit to the Arkansas decree.”
In the Didier case, Judge Sartain as the organ of this Court gave a full and complete discussion of Boudreaux v. Welch, supra, Gay v. Gay, 203 So.2d 379, La.App. 3rd Cir. (1967) and Reeves v. Reeves, 209 So.2d 554, La.App. 2d Cir. (1968), writs refused, 252 La. 161, 209 So.2d 741 (1968) and concluded as follows:
“Now as to the issue at hand, we construe Boudreaux v. Welch, supra, to stand for the proposition that where there is a waiver of summons, an appearance, and the joining of issue the jurisdictional question is foreclosed as res judicata. Further, that a Louisiana court must give full faith and credit to a judgment of a sister state where that decree is unassailable in the courts of the rendering state. In substance, if the decree cannot be attacked collaterally in the initial court it cannot be attacked in the court of this state.
The burden of proving that the original judgment of divorce may be collaterally attacked rests, of course, with the person seeking to deny it full faith and credit.”
We find nothing in the record of this proceeding to prove to this Court that the plaintiff has carried the burden of proof as far as showing that she could collaterally attack the Arkansas divorce decree in the State of Arkansas.
Therefore, for the above and foregoing reasons, the judgment of the Trial Court is reversed and the exception of Res Judicata is maintained. All costs of this appeal are to be paid by plaintiff-appellee.
Judgment reversed.