DOUCET, Judge.
Michael L. Glaze brought this suit to annul his marriage to defendant, Kimberly Ellsworth Tarver Glaze, on the ground that defendant’s divorce from her previous husband is an absolute nullity. Defendant filed the peremptory exception of res judi-cata, alleging that the full faith and credit clause of the United States Constitution bars plaintiff from attacking the Arkansas divorce decree. Following a trial, the trial judge overruled defendant’s exception and rendered judgment in plaintiff’s favor, declaring the marriage a nullity. Defendant appeals.
The only issue on appeal is whether the trial judge erred in overruling the exception of res judicata. For the following reasons, we find that he did, and we reverse.
*799 The facts are not disputed. Defendant was married to Gary L. Tarver on December 20, 1977. On September 13, 1978, she filed suit for divorce in the Chancery Court, Union County, Arkansas. Neither defendant not Tarver were domiciled in, or residents of the State of Arkansas at that time. Nevertheless, she alleged in her petition that she had been a resident of Arkansas for more than 60 days. On the same date, Tarver executed a waiver of service and entry of appearance, which was filed into the record on October 25, 1978, when the matter was tried. After hearing the testimony of two witnesses, the court rendered and signed a decree of final divorce.
The Louisiana Supreme Court dealt with a similar situation in Boudreaux v. Welch, 249 La. 983, 192 So.2d 356 (1966). That case involved a wrongful death action brought by the plaintiff, who claimed to be the widow of the decedent. The defendant challenged her right to bring the suit, alleging that the plaintiff’s marriage to the decedent was an absolute nullity, because her Mississippi divorce from her previous husband was void for lack of jurisdiction. The evidence established that neither the plaintiff nor her first husband were ever domiciled in Mississippi. However, the plaintiff had filed suit in Mississippi, and her previous husband had executed a waiver of service and entry of appearance in conformance with Mississippi law. Our Supreme Court held that that case was controlled by the holding of the United States Supreme Court in Johnson v. Muelberger, 340 U.S. 581, 71 S.Ct. 474, 95 L.Ed. 552, (1951), wherein the Court stated:
“It is clear from the foregoing that, under our decisions, a state by virtue of the clause must give full faith and credit to an out-of-state divorce by barring either party to that divorce who has been personally served or who has entered a personal appearance from collaterally attacking the decree. Such an attack is barred where the party attacking would not be permitted to make a collateral attack in the courts of the granting state.”

“When a divorce cannot be attacked for lack of jurisdiction by parties actually before the court or strangers in the rendering state, it cannot be attacked by them anywhere in the Union. The Full Faith and Credit Clause forbids.”
Applying the rule enunciated in Muelberger to the facts in Boudreaux v. Welch, supra, our Supreme Court stated:
“This is exactly the case here. Mr. Mire, plaintiff’s first husband, filed in the record in the Mississippi divorce proceedings a waiver of summons and entry of appearance. Issue was thus joined and this was sufficient to foreclose the jurisdictional question as res judicata. The filing of the waiver of summons and entry of appearance pursuant to Chapter 244, Mississippi Laws of 1936, after the institution of the divorce proceeding rendered the judgment unassailable as to Mr. Mire. In other words, by his entry of appearance he had an opportunity to litigate the jurisdictional question and this is all that is necessary in order for the Full Faith and Credit Clause to apply.
“It was not obligatory, as the Court of Appeal believed, for Mire to have resisted the granting of the divorce. Indeed, Johnson v. Muelberger does not indicate that active participation by the defendant is necessary. On the contrary the basic element which bars collateral attack here is that the rendering State will not permit such an attack and considers the matter res judicata.” (Emphasis added. Footnotes omitted.)
The trial judge distinguished the case at hand from Boudreaux on the ground that Tarver’s waiver was ineffective, because it was obtained prior to the commencement of the action. He concluded that since the petition and the waiver were filed simultaneously, the waiver had to have been executed prior to that time. However, as we noted earlier, the record shows that although the waiver was executed on September 13, 1978, when the petition was filed, it was not entered into the record until October 25, 1978, when the case was *800 tried. Thus, it might have been executed after the suit was brought. Furthermore, we are not convinced that the simultaneous filing of the petition and the waiver would necessarily have rendered the waiver ineffective.
The trial judge apparently relied on language used by the Court in Boudreaux to distinguish the earlier case of Eaton v. Eaton, 227 La. 992, 81 So.2d 371 (1955). That case also involved a dispute over the validity of an Arkansas divorce decree. As in this case, the residency’ requirements of that state had not actually been fulfilled. A waiver of summons and entry of appearance had been executed by the defendant spouse, but it had never been filed into the record. It was held that the Arkansas judgment was assailable in that case, because the issue of jurisdiction had not been litigated.
In distinguishing Eaton, the Boudreaux court noted at the outset that the issue of Mrs. Eaton’s. right to assail the Arkansas divorce judgment had not been questioned in that case. Thus, Johnson v. Muelberger, supra, was not applicable. Secondly, it noted that the waiver had not been filed into the record in that case. In concluding, the court stated the following:
“Moreover, assuming that the Arkansas statute is substantially the same as the Mississippi statute, the waiver of summons and entry of appearance in the Eaton case would have been legally ineffectual since it was executed prior to the day on which the divorce suit was filed in the Arkansas court.” (Emphasis added).
The trial judge apparently relied on that language in arriving at his conclusion about the effectiveness of the waiver.
Since it has not been shown that the waiver was executed prior to the filing of the suit, any conclusions that we might draw about the effectiveness of prior obtained waivers would be unnecessary and inappropriate. However, we note that in a similar case[1], in which it was shown that the petition and waiver were filed together, our brethren of the Second Court held that the Arkansas divorce decree could not be collaterally attacked.
In light of the holding in Boudreaux v. Welch, supra, we conclude that the Arkansas judgment in this case is entitled to full faith and credit. Accordingly, the judgment of the district court in favor of the plaintiff, Michael Glaze, and against the defendant, Kimberly Glaze, declaring their marriage a nullity, is reversed and set aside. Judgment is rendered in favor of the defendant, sustaining her exception of res ju-dicata, and dismissing the plaintiff’s suit at his cost. The costs of this appeal are assessed against the plaintiff-appellee.
REVERSED AND RENDERED.

. Reeves v. Reeves, 209 So.2d 554 (La.App. 2nd Cir. 1966).