DOUCET, Judge.
This is an adoption proceeding initiated pursuant to LSA-R.S. 9:422.1. The only issue presented by this appeal is whether the plaintiff, Jerry Keith Andrews, has a right of action under that statute.
The facts are not disputed. Deborah Ann DeWitt and Faron Lee Racca were married in Beauregard Parish on January 9, 1978. On November 21, 1978, a child, Daniel Lee Racca, was born of the marriage. On April 2, 1979, Mrs. Racca obtained a separation from bed and board and was awarded custody of the child by a judgment rendered by the Thirty-third Judicial District Court.
On April 26, 1979, Mrs. Racca obtained a decree of divorce from the District Court of Hardin County, Texas. The Texas court appointed Mrs. Racca managing conservator of the child and ordered Mr. Racca to pay child support in the sum of $150.00 per month. On August 4, 1979, Mrs. Racca and Jerry Keith Andrews, the plaintiff herein, were married in Beauregard Parish.
Testimony at the trial established that neither Mr. nor Mrs. Racca were residents of Texas at the time that the divorce was rendered. Based on that evidence, the natural father argued that the Texas court did not have jurisdiction to render the divorce, and that the divorce and Mrs. Racca’s subsequent marriage to plaintiff were therefore invalid. He further argued that since the marriage was invalid, plaintiff was not the spouse of the legitimate parent who had been granted custody of the child, as required by LSA-R.S. 422.1.
The trial judge agreed with that argument. Accordingly, he rendered judgment in favor of the natural father, dismissing plaintiff’s suit. Plaintiff appealed, arguing that the trial court erred in failing to ex-° tend full faith and credit to the Texas divorce decree.
In reaching the decision that he did, the trial judge apparently relied on older cases holding that Louisiana courts will not extend full faith and credit to divorce decrees rendered by other states where it is established that the court rendering the decree did not have jurisdiction > founded on domicile. See, Williams v. State of North Carolina, 325 U.S. 226, 65 S.Ct. 1092, 89 L.Ed. 1577 (1945); Juneau v. Juneau, 227 La. 921, 80 So.2d 864 (1955); Navarrette v. Laughlin, 209 La. 417, 24 So.2d 672 (1946). The rule of those cases has been materially modified by later jurisprudence, however.
It is now well settled that when a divorce decree cannot be attacked for lack of jurisdiction in the rendering state, it may not be collaterally attacked in any other state. In such cases, full faith and credit must be extended to the decree. U.S. Constitution, Art. 4, Sec. 1; Johnson v. Muelberger, 340 U.S. 581, 71 S.Ct. 474, 95 L.Ed. 552 (1951); Brown v. Brown, 387 So.2d 565 (La.1980); Boudreaux v. Welch, 249 La. 983, 192 So.2d 356 (1966); Glaze v. Glaze, 389 So.2d 798 (La.App. 3rd Cir. 1980). The burden of proving that a divorce decree may be collaterally attacked rests with the person seeking to deny it full faith and credit. Sandifer v. Sandifer, 389 So.2d 767 (La.App. 3rd Cir. 1980); Didier v. Didier, 230 So.2d 436 (La.App. 1st Cir. 1979), writ denied 255 La. 806, 233 So.2d 248 (1970).
*802 In the case at hand, the party urging the invalidity of the Texas decree, the natural father, has not borne that burden. The evidence in the record does not support a finding that Texas would allow the decree to be attacked for lack of jurisdiction. On the contrary, the following language from the decree strongly suggests that such an attack would be prohibited:
“The Petitioner appeared in person and by attorney and Respondent having signed an answer, filed herein. (Emphasis added)
1.
“The Court, after examining the pleadings and listening to the evidence and argument of counsel, finds that it has jurisdiction over this cause and the parties and that Petitioner’s Original Petition for Divorce has not been on file in this Court for at least 60 days, as required by Article 3.60 of the Texas Family Code, but both parties agreed that the Court could hear and dispose of the case and enter this judgment and both parties agreed that neither of them will file a motion for New Trial, Bill of Review, or attempt to appeal from this judgment and this agreement may be relied on as an absolute bar and defense to any attempted Motion for New Trial, Bill of Review or Appeal.”
The natural father testified at the trial that he signed this decree prior to its rendition by the court. He further testified that he understood that by signing it, he was agreeing to pay child support in the sum of $150.00 per month. Thus, he entered an appearance and had an opportunity to litigate the jurisdictional question but did not do so.
Under those circumstances, we conclude that the trial court erred in failing to extend full faith and credit to the Texas divorce decree and in finding that plaintiff does not have a right of action under LSA-R.S. 9:422.1. We therefore reverse the judgment appealed by plaintiff and remand this matter to the district court for further proceedings consistent with the views expressed herein. The costs of this appeal ar,e taxed to the plaintiff. ¡

REVERSED AND REMANDED.