CHEHARDY, Judge.
Defendant, Richard N. Hill, Jr., appeals a summary judgment in favor of the plaintiff, Charlotte H. Hill, in the sum of $4,535.48, together with interest at the rate of 6% from October 11, 1974 until paid and for all costs of the proceedings.
Mrs. Hill, a resident of the County of Macon, State of Illinois, filed a petition in the Parish of Jefferson, State of Louisiana, the domicile of the defendant, alleging that she was the judgment creditor of Mr. Hill by virtue of a judgment of the Circuit Court of the Sixth Judicial District of Macon County, Illinois, rendered on October 21,1974 and made executory under the laws of the State of Illinois.
Attached to Mrs. Hill’s petition was an authenticated copy of the Illinois judgment, which ordered, adjudged and decreed:
“1. A judgment is entered for the amount of past due support in the amount of $4,092.00 and accumulated interest thereon through October 11, 1974, in the amount of $443.86 for a total of $4535.86.
“2. That the Defendant-Respondent-Judgment Debtor, Richard N. Hill, Jr., is ordered to pay said sum within 30 days of the date hereof.
“3. That in the event that said Richard N. Hill, Jr., Defendant-Respondent-Judgment Debtor, does not pay said sum within said period, the Clerk on this Court is ordered to issue execution hereon.”
We can find no merit in defendant’s argument that since LSA-C.C. art. 3538 bars arrearages of alimony by the prescription of three years, the trial court should have refused to recognize the Illinois judgment. This issue has been specifically addressed by the First Circuit in Swain v. Swain, 339 So.2d 453 (La.App. 1st Cir. 1976), wherein the court said at pages 455-456:
“The object of the plaintiff’s suit was to annul portions of an obviously valid and final Florida judgment. However, it is axiomatic that a Louisiana court is powerless to annul the judgment of a sister state.
“A Louisiana court is also powerless to deny a Florida judgment the full faith and credit which is accorded to it by Article 4, Section 1, of the United States Constitution unless the Florida court lacked jurisdiction over the parties or the subject matter involved in the controversy. Milliken v. Meyer, 311 U.S. 457, 61 S.Ct. 339, 85 L.Ed. 278 (1941); Crichton v. Succession of Crichton, 232 So.2d 109 (La. App. 2nd Cir. 1970), writs refused, 256 La. 274, 236 So.2d 39 (1970), U.S. certiorari denied, 400 U.S. 919, 91 S.Ct. 172, 27 L.Ed.2d 159, U.S. rehearing denied, 400 U.S. 1002, 91 S.Ct. 449, 27 L.Ed.2d 453 (1971).
“On the facts of the record before us, the Florida court obviously had jurisdiction over both the parties and the subject matter, that is, the marriage that existed between the plaintiff and the defendant and the legal effects that flowed therefrom. * * *
“In view of the foregoing, the application of the full faith and credit clause to the instant case renders the courts of Louisiana powerless to deny the validity and effect of the Florida judgment.

“The courts of Louisiana are powerless to inquire into the merits of the cause of action or the validity of the legal principles on which the Florida court based its decision. U.S. Constitution, Article 4, Section 1; Milliken, supra.”
Similarly, since this court can find no evidence that the Illinois court lacked jurisdiction over the parties on the subject matter involved in this controversy, the full faith and credit clause of the United States Constitution precludes our examination of the case on its merits.
*678 For the reasons assigned, the district court judgment is affirmed.

AFFIRMED.