669 So.2d 553 (1996)
STATE of Louisiana
v.
Donald BATISTE.
No. 95-CA-1270.
Court of Appeal of Louisiana, Fourth Circuit.
January 31, 1996.
Rehearing Denied March 26, 1996.
Writ Denied May 3, 1996.
*554 Bruce W. Harris, New Orleans, for Defendant/Appellant, Donald Batiste.
Harry F. Connick, District Attorney, Elizabeth P. Duffy, Assistant District Attorney, New Orleans, for Plaintiff/Appellee, State of Louisiana.
Before CIACCIO, PLOTKIN and MURRAY, JJ.
MURRAY, Judge.
Appellant Donald Batiste appeals from a ruling of the juvenile court denying his motion to quash the registration of a foreign support order instituted under the Uniform Reciprocal Enforcement of Support Act (URESA). We affirm, but remand to allow appellant to produce evidence concerning credit for support paid.

FACTS AND PROCEDURAL HISTORY:
Appellant and Charlene Batiste High were married in New Orleans in 1968. They thereafter immediately established their matrimonial domicile in San Antonio, Texas. The couple had one child, Misty, born December 6, 1970.
In June of 1972, Ms. High filed a petition for divorce in Texas, which included a request for child support. An attempt was made to serve Mr. Batiste with a copy of the divorce via certified mail at his parent's address in New Orleans, 1307 Foy Street. The letter was returned, however, and it is not known whether the letter was unclaimed because of a bad address or if it was refused.
In 1991, Ms. High sought to collect the arrearage on the 1972 Texas judgment by filing a URESA action. A determination was made by the Texas attorney general's office that as of November 21, 1991, Mr. Batiste was in arrears $15,200.00. The foreign support order was sent to the Orleans Parish District Attorney's office in December of 1991. Notice of the registration was mailed to appellant at 1307 Foy Street on January 23, 1992. That notice instructed Mr. Batiste that he would have twenty days to petition the court to vacate the registration or to file a motion to stay the registration. If he did not do either of the above, the registered support order would be confirmed.
Mr. Batiste timely filed a motion to stay the registration. At the hearing on this motion the court informed Mr. Batiste that it lacked authority to invalidate a Texas judgment. The court instructed him that he would have to petition the Texas court that issued the judgment for relief.
In June of 1993, appellant filed the subject motion to quash. A hearing was not had on this motion until July of 1994, when the court requested that each side submit new briefs on specific issues. In February of 1995, a hearing officer found that the Texas judgment obtained through citation by publication was valid, and that prescription had not barred enforcement or collection of the judgment. Mr. Batiste appealed the ruling of the hearing officer to the juvenile court. On May 17, 1995, the hearing officer's ruling was affirmed. This appeal followed.

DISCUSSION:
Mr. Batiste contends that the trial court erred in ruling that the Texas judgment was valid and therefore entitled to full faith and credit because 1) the Texas court lacked personal and subject matter jurisdiction over *555 him; 2) the original judgment was obtained through extrinsic fraud; 3) there was a lack of due process; and 4) the motion to obtain child support arrearages had prescribed. Mr. Batiste argues that it was error for the lower court not to consider his substantive defenses to attack the judgment, and he asks this court to remand the case so that it can rule on his defenses.
It is evident from the hearing officer's reasons for judgment that the ruling by the lower court did indeed consider the defenses raised by Mr. Batiste. Memoranda were submitted by both sides addressing all the issues raised. Accordingly, there is no need to remand this case to consider appellant's defenses.
Mr. Batiste first claims that the Texas judgment should not have been given full faith and credit because the Texas court lacked both subject matter and personal jurisdiction over him. He claims that he did not have significant contacts with the State of Texas such that it would have personal jurisdiction to render a judgment against him. This is patently absurd. Appellant and his ex-wife maintained their matrimonial domicile in the State of Texas for the entire duration of their marriage, and the only child of the marriage was born in Texas. Additionally, Ms. High and appellant's daughter continue to live in Texas. There is a general presumption that a judgment of a sister state is valid, and there is a heavy burden upon the party attacking the judgment to show by clear and convincing evidence that the rendering court lacked jurisdiction. Holden v. Holden, 374 So.2d 749, 751 (La.App. 3d Cir. 1979). The record does not indicate that Mr. Batiste met this high burden of proof, and therefore the trial court was correct in not invalidating the Texas judgment on this basis.
According to the State, the only defense that Mr. Batiste could raise in the lower court was lack of subject matter and/or personal jurisdiction. However, La.R.S. 13:1696(C)[1] states that an obligor may also present the defenses of extrinsic fraud in procurement of the judgment, satisfaction, lack of due process, or other grounds that make the judgment invalid or unenforceable. Mr. Batiste has raised the defenses of extrinsic fraud and lack of due process.
Extrinsic fraud is fraud which is collateral to the issues tried in the case where the judgment is rendered. Black's Law Dictionary (5th ed. 1979). The example given of extrinsic fraud is a plaintiff-spouse telling the court he or she is ignorant of the whereabouts of the defendant-spouse in order to obtain an ex parte divorce.
At first blush, it would appear that this claim of extrinsic fraud may have merit. However, our review of the record, particularly the answers given by Ms. High to interrogatories propounded by Mr. Batiste, and the receipts produced by him, indicate that Ms. High did not know Mr. Batiste's whereabouts when she had him cited by publication. Ms. High stated in her answers that her husband left the matrimonial domicile when their daughter was two months old. He called her about one month later, but would only state that he was in New Orleans. She further stated that her attorney sent Mr. Batiste by certified mail a copy of the divorce petition, a waiver of service, and a proposed final decree. It was sent to 1307 Foy Street, New Orleans, Louisiana, the home of Mr. Batiste's parents. Ms. High stated that her attorney told her the documents were returned, but she did not know if they were refused or unclaimed. She personally mailed Mr. Batiste a copy of the final decree to the same address on the day the divorce became final. It was not returned.
Ms. High also stated that in approximately 1990, Mr. Batiste requested that she send him a copy of the divorce decree because he was buying his parent's house at 1307 Foy Street.
Mr. Batiste submitted numerous money order receipts to the court in an attempt to prove that he had supported his daughter. The receipts for 1971 and 1972, the time during which Ms. High's attorney attempted *556 to contact Mr. Batiste, show Foy Street as his address.
The evidence establishes that Ms. High did attempt to contact Mr. Batiste prior to the final decree, but when she could not, she availed herself of Texas law permitting citation by publication. We therefore find appellant's extrinsic fraud claim to be without merit.
Mr. Batiste also claims that he was denied due process because he was never properly served with the final judgment of divorce, and therefore never received notice that he had a money judgment against him. For the reasons stated above, we do not believe that appellant was unaware of his child support obligation. Mr. Batiste was properly and legally cited by publication under Texas law; his due process rights were not abridged.
Lastly, Mr. Batiste claims that the motion to obtain child support arrearages filed by Ms. High was untimely. The State's brief addresses choice of law, and concludes that Texas law is applicable to this claim, and that under Texas law, Ms. High's claim was timely.
We, however, need not reach this issue. A Louisiana court cannot deny a foreign judgment full faith and credit unless the foreign court lacked jurisdiction over the parties or the subject matter involved in the controversy. Hill v. Hill, 394 So.2d 676, 677 (La.App. 4th Cir.), writ denied, 400 So.2d 669 (La.), cert. denied, 454 U.S. 863, 102 S.Ct. 321, 70 L.Ed.2d 162 (1981); Swain v. Swain, 339 So.2d 453, 455 (La.App. 1st Cir.1976); Crichton v. Succession of Crichton, 232 So.2d 109 (La.App. 2d Cir.), writ refused, 256 La. 274, 236 So.2d 39 cert. denied, 400 U.S. 919, 91 S.Ct. 172, 27 L.Ed.2d 159 (1970). Because we have already decided that the Texas court had jurisdiction to render the original judgment, we accordingly cannot deny that judgment full faith and credit.
Mr. Batiste asserts that he supported his daughter voluntarily through the years. To prove this, he entered into the record numerous money order receipts. However, there is nothing in the record to show that Ms. High ever received these money orders. Additionally, many of the receipts in the record are post office receipts for mailed packages and receipts for money orders made payable to third parties. These clearly do not qualify as child support. We therefore remand this case for the sole purpose of allowing Mr. Batiste an opportunity to prove that Ms. High received any of the support he allegedly mailed.
For the reasons stated above, we affirm the judgment of the trial court, and remand for a hearing on the issue of credit for support paid. Costs are assessed to Mr. Batiste.
AFFIRMED AND REMANDED.
NOTES
[1] Appellant cites La.Ch.C. art. 1342 for authority. However, that law did not become effective until June 9, 1993. The cited statute was effective at the time this action was instituted.