JiSCHOTT, Chief Judge.
This case is a sequel to an earlier appeal to this court, State v. Batiste, 669 So.2d 553 (La.App. 4 Cir.1996). In that ease appellant was contesting the validity of a Texas support order which found him to be $15,200 in arrears for child support. He claimed that the Texas court lacked personal jurisdiction over him when the original award of child support was made in 1972. This court rejected this claim and affirmed the trial court’s judgment giving full faith and credit to the Texas judgment. However, this court remanded the case to the trial court for the sole purpose of determining the amount of credits which appellant was entitled to for the payments he had made on the $15,200 foreign support order from Texas. On remand the trial court found that he was entitled to credits of $775. From this judgment comes this appeal. We affirm.
In this court appellant does not argue that the amount of the credit is erroneous. Instead, he argues that the amount of the arrearage set by the Texas court was wrong because the $15,200 was for fifteen years of arrearages; whereas Texas law allows collection of no more than ten years of arrearages. He bases this argument on § 14.41 of the Texas law relative to Past-Due Child Support Payments.
_JjjAs pointed out in the earlier opinion a determination was made by the Texas attorney general’s office that as of November 21, 1991, appellant was in arrears $15,200 and a foreign support order was forwarded to the Juvenile Court pursuant to LSA-Ch.C. art. 1341.[1] Early in 1992 the support order was registered pursuant to Art. 1342.
Once the support order is registered and notice of the registration is mailed to the obligor he has twenty days in which to petition the court to vacate the registration or for other relief, and if he fails to take action the registered support order is confirmed. Art. 1342(B). Not until July 1996 did appellant file his petition to vacate the foreign support order on the ground that Texas law limited the order to ten years of arrearages. Consequently, by the time he took this action the support order had long been confirmed by operation of law.
Furthermore, Art. 1342(C) provides that at a hearing to enforce the registered support order the obligor may present only matters that would be available to him as defenses in an action to enforce a foreign money judgment. As this court said in appellant’s earlier appeal, a Louisiana court cannot deny a *150 foreign judgment full faith and credit unless the foreign court lacked jurisdiction over the parties or the subject matter in the controversy. 669 So.2d at 556. Appellant does not claim that the Texas authorities who initiated the foreign support order lacked jurisdiction over him or his failure to pay child support. The defense he asserts was not available to him in the court below and is not available to him in this court.
For the benefit of a reviewing court we note that even if appellant’s argument were available to him as a defense, it is without merit. The statute |?,he cites was amended by the Texas legislature in 1989 to remove the ten years limitation. Consequently, when the Texas attorney general’s office initiated the foreign support order in 1991 it was authorized to include the full fifteen years of arrearages pursuant to § 14.41 of the Texas statute pertaining to Delinquent Child Support Payments.
Accordingly, the judgment appealed from is affirmed.

AFFIRMED.

. The references to the Children’s Code Articles are to those in effect prior to Act 25 Í of 1995 which substituted the Uniform Interstate Family Support Act for the Uniform Reciprocal Enforcement of Support Act.